BARNEY O'DONNELL, Appellant, v. ELIPHALET BROWN, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1871.)

On a trial upon a reference from a County Court, upon appeal from a justice of the peace, the action being trespass for removing gates and racks from a ditch, through which water ran from the plaintiff's dam, and the answer a general denial, with no claim that title to real estate would come in question, the plaintiff, to show possession, proved his user of the ditch by the water passing from his dam.—*Held*, that the defendant might show by cross-examination of the plaintiff's witnesses that the ditch ran through land in his (defendant's) occupation, and thereupon a presumption arose that the general possession of the land embraced the ditch; that the plaintiff could rebut this pre-

sumption only by showing his title to the easement or soil, and that the action was, therefore, properly dismissed as raising a disputed question of title to land upon the plaintiff's own showing.

THIS was an appeal by the plaintiff from a judgment entered on the report of a referee appointed upon motion granted for a new trial in the Onondaga County Court, to hear and determine the action.

It appeared on the hearing before the referee that the plaintiff was in possession of certain lands in Onondaga county, upon which a saw-mill was fed by an artificial channel cut through the defendant's lands, as well as other lands, to draw surplus waters from several lakes and ponds; that the plaintiff had placed racks and gates upon this artificial stream, as it ran through the defendant's lands, to save the water and make it subservient to the uses of his mill; that while so in possession of the lands and mill the defendant tore out and removed these racks and gates, and for the injury thus caused, the plaintiff sued in the Justices' Court. The facts are sufficiently set forth in the opinion of the court.

*W. H. Gifford,* for the appellant.

*Ballard & Warren,* for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. The action was commenced in Justices' Court to recover damages for the removal by the defendant of certain gates and racks placed in a certain ditch, through which water flowed to plaintiff's mill. The racks and gates were placed in the ditch to regulate the flow of the water to the mill. The defence set up in the defendant's answer was, first, a general denial; and, second, that the rack and gates were put in upon the premises in the possession of the defendant, and were so placed as to cause the water to flow over the lands and premises in his possession, doing great damage, and that they became a nuisance, and

were removed to abate such nuisance.  The plaintiff had judgment in the Justices' Court and the defendant appealed to the County Court of Onondaga county for a new trial upon the merits.  After a trial and new trial ordered, the cause was referred in that court and tried before a referee. On the trial before the referee, it appeared by the plaintiff's own testimony and showing that the ditch through which the water ran, where the acts complained of had been committed, was through land in the defendant's possession, and that the defendant disputed his (plaintiff's) right to have the racks and gates there, and to have the water flow through said ditch on his lands.  The referee nonsuited the plaintiff or dismissed the action, on the ground that by his own showing the title to lands was in question.

This was clearly right.  (Code, § 59.)  This section provides that, in cases where title is not pleaded by the defendant, if it shall appear on the trial by the plaintiff's own showing that the title to real property is in question, and such title shall be disputed by the defendant, the justice shall dismiss the action, and render judgment against the plaintiff for costs.  This liability to have the action dismissed for the same cause, follows the case on appeal.  When the plaintiff rested his case before the referee, it stood thus:  There was an artificial ditch or channel through lands in possession of the defendant, and water flowing through it to supply plaintiff's mill.  The clear presumption on that state of facts was, that if the plaintiff had any right to have the water flow there, and to regulate its flow, it was an easement over the defendant's lands.  The dispute was as to this right, so far as appears, or so far as the plaintiff could be allowed to show in a justice's court.  The defendant had the right to dispute and to controvert the possession by the plaintiff, of any portion of the premises possessed by himself, through which the ditch ran. Hence, the referee properly allowed the defendant to show by the plaintiff, on his cross-examination, that he, the defendant, was in possession of the whole premises on each side of the ditch.  This being so, *prima facie*, the general possession of

White *v.* The Trustees of the First Society of the M. E. Church, &c.

the premises embraced the ditch also; and the only way for the plaintiff to rebut it would be by showing his title, either to the easement or to the soil in which the ditch was made. This, of course, he could not lawfully do, and the action was necessarily dismissed. The ditch was not fenced out or separated in any manner from the rest of the premises occupied by the defendant, and there was nothing to mark or evidence a foothold by the plaintiff, or his right, except the water passing along to his mill. The general possession of the premises would clearly prevail in such a case, where the case turned upon evidence of possession alone.

The case was properly disposed of by the referee and the judgment must be affirmed.

Judgment affirmed.