ABRAM SHAVER, RESPONDENT, v. NELSON B. ELDRED, APPELLANT.

*Canals — what persons cannot be employed upon them.*

The plaintiff brought this action to recover the damages occasioned by the over-flowing of his lands which was caused by the raising of the flush boards on a dam at the outlet of Owasco lake, by the defendant. The defense was that the dam was owned by the State, and that the defendant, in doing the acts complained of, was acting under its authority and as its agent. It appeared that the dam was used by the State to furnish a supply of water for the Port Byron level of the Erie canal. The defendant was a director and the superintendent of the Auburn Water Works Company, which obtained its water from the same dam. In 1881 the assistant superintendent of public works, having charge of the middle division of the canal, authorized the defendant, upon his application for discretionary authority in that behalf, to close and open the gates or flush boards as might be necessary.

*Held,* that the attempt to confer this authority upon the defendant was a violation of the statutes providing that no person owning any hydraulic works dependent upon the canals for their supply of water, or who shall be employed in or connected with any such works, shall be employed as a superintendent, lock-keeper, collector of tolls, weighmaster or other agent upon the canals and that it was for that reason void.

That the fact that an award made some years ago by the canal appraisers, upon an application for damages for injuries arising from the use of the same flush boards, was adverse to the plaintiff's claims, was not a bar to this action, as there was no privity between the State and the defendant.

APPEAL from a judgment of the Cayuga County Court, upon a decision in favor of the plaintiff, rendered on a trial in that court, without a jury, upon an appeal from a justice's judgment.

*Charles M. Baker,* for the appellant.

*David Wright,* for the respondent.

SMITH, P. J.:

The plaintiff complained in the Justice's Court that, in the year 1883, the defendant wrongfully raised the upper dam at the outlet of Owasco lake, and thereby flooded and injured the farm of which the plaintiff was in possession, in the Owasco valley, in Moravia, and injured his crops. The defendant pleaded, among other defenses, that the said dam was built and maintained by the State

of New York; that the State had the right to keep up said dam and to overflow the plaintiff's premises, as complained of; and that the defendant, in doing the acts complained of, acted under the authority of the State and as its agent. On interposing that plea, the defendant presented to the justice what he claimed was an undertaking, prescribed by section 2952 of the Code of Civil Procedure, but the justice did not approve of the undertaking, and it was not received. Thereupon, by agreement of the parties, the cause was adjourned, and on the adjourned day the parties appeared and proceeded to trial. The return of the justice states that the defendant asked to amend his answer and the motion was granted, but the nature or effect of the amendment does not appear. The justice rendered a judgment in favor of the plaintiff for thirty dollars, besides costs, and the defendant appealed from such judgment to the County Court for a new trial, where the plaintiff recovered $150 damages.

The justice having declined to approve of, and receive, the undertaking tendered by the defendant, the case was in the same position as if no undertaking had been offered; that is to say, the justice had jurisdiction of the action and was required to proceed, and the defendant was precluded, in his defense, from drawing the title in question, by setting up the right of the State alleged in his answer. (Code Civ. Pro., § 2955.) The defendant seems to have acquiesced in that view of the matter, as he does not appear to have objected to the refusal of the justice to receive the undertaking, and he thereafter consented to an adjournment of the cause. The justice, of course, had not jurisdiction to try the question of title, and it is to be presumed he did not take it into consideration in rendering his judgment.

The issue of title presented by the answer not having been before the Justice's Court, it was not before the County Court on appeal, and if objection had been made, it could not properly have been tried there (O'Donnell v. Brown, 3 Lans., 474), although within the general jurisdiction of that court. (Const., art. 6, § 15; Code Civil Pro., § 340, sub. 3.) This view of the case is not in conflict with section 3071 of the Code of Civil Procedure, which provides that the action shall proceed in the appellate court as if it had been commenced there, inasmuch as the cause is to be treated as if the answer did not contain a plea of title. The question of title seems, however, to have been tried in the County Court, without objection,

and the decision of that court was put upon the ground that the sole authority under which the defendant claimed to act, to wit, an appointment from the assistant superintendent of public works, was beyond the power of that officer, and was an authority to the agent to act in his discretion, and was therefore void. That ruling presents the principal question for review.

It appears that prior to the commission of the acts complained of, the dam referred to had been appropriated and used by the State for the purpose of raising and holding the waters of the lake, and drawing therefrom to supply the Port Byron level of the Erie canal. Flush boards were placed upon the crest of the dam, by the use of which the level of the water in the lake could be temporarily raised. The defendant was found by the trial court to be a director and the superintendent of the Auburn Water-Works Company, and that company obtained its water power from the same dam. The trial court also found, upon sufficient evidence, that in March, 1881, Mr. Van Rensselaer, the assistant superintendent of public works having charge of the middle division of the Erie canal, authorized the defendant, upon his application for discretionary authority in that behalf, to close the gates or flush boards at the dam when the water lowered sufficiently, and to open them temporarily, if it became necessary. The court also found that the defendant, by closing the flush boards on said dam and keeping them closed during the spring and summer of 1883, by virtue of his supposed appointment as agent by Mr. Van Rensselaer, caused the injuries complained of.

It is provided by statute that " no person owning any hydraulic works dependent upon the canals for their supply of 'water, or who shall be employed in or connected with any such works" * * * " shall be employed as a superintendent, lock-keeper, collector of tolls, weighmaster, or other agent upon the canals." (Laws 1826, chap. 314, § 30; 1 R. S., 250, § 185.) The statute evidently intends that no person having a direct interest in the use of the waters designed for the supply of the canals, adverse to the interests of the State, shall have control of the use of such waters, as the officer or agent of the State. By another provision of statute, any canal officer or person holding an appointment under the canal commissioners or any one of them, forfeits his office or appointment on becoming interested in any hydraulic work depend-

ent on the canals for a supply of water. (Laws 1843, chap. 181.) In our opinion, the authorization or appointment, attempted to be conferred upon the defendant by the assistant superintendent, was a violation of the statute first above cited and was void. It purported to vest him with discretionary authority in respect to the use of the flush boards. It was unlimited as to time, and the testimony of the defendant shows that, acting under that authority alone, he, for a long time, directed the flush boards to be removed or replaced when, in his judgment, it was proper. During all that period he was the superintendent of the water-works company, and from the dam, the height of which was thus regulated by the defendant acting ostensibly as the agent of the State, the water-works company drew its supply. Although the company took its water from the feeder, and not from the canal, yet, as the water was accumulated in the feeder by the State for the purpose of supplying the canal, the case is within the spirit and intent of the statute. If the defendant had been authorized merely to take off or put on the flush boards upon a single occasion, or to act only under specific instructions, leaving nothing to his judgment, the case would probably have been different; but the unlimited discretionary power attempted to be given him, if it had been valid, would have enabled him, under the guise of State authority, to control the water for the exclusive benefit of the company in which he was interested, without reference to the needs of the canal. For an injury to riparian owners, caused by him in the exercise of such pretended authority, he could not make the State responsible, nor can he claim protection as the agent of the State. This, we think, is the unavoidable effect of the statute.

The award made some years ago by the canal appraisers, adverse to the plaintiff's claim against the State for damages, by reason of alleged injuries resulting from the use of the flush boards, is not a bar to the present action, for the reason that, if the views above expressed are correct, there is no privity between the defendant and the State, and the award, so far as the defendant is concerned, is *res inter alios acta.*

The judgment should be affirmed.

All concur.

Judgment affirmed.

NOTE. — The balance of the cases decided at this term of the court will be found in (39 Hun) the next volume.