### THE PEOPLE, *ex rel.* TOMB, *against* THE JUDGES OF THE COURT OF COMMON PLEAS of the county of Washington.

On appeal from a justice's court, a court of common pleas

AN alternative *mandamus* was granted in *January* term last, requiring the defendants to vacate a rule granted by them, prohibiting *Tomb* from appearing in a cause brought into the Court of Common Pleas of *Washington* county by

appeal from a Justice's Court, by *Tomb*, as appellant, against one *Munson*, as appellee. The Judges returned that the cause in the Justice's Court was by *Munson*, plaintiff, against *Tomb*, defendant ; that the Justice rendered judgment against *Tomb*, for $25,06, besides costs—whereupon *Tomb* appealed ; that to the return of the Justice was annexed a bond of the appellant, and one *William Tomb*, as his security, duly approved of by the Justice, as the act, &c. provides ; that in *August term*, 1818, the Court of Common Pleas made a rule, " that on all appeals from a Justice's Court, if the appellant should be a non-resident of the county of *Washington*, on filing an affidavit thereof, the appellee might enter a rule in the common rule book, that the proceedings on the appellant's part be stayed until security for costs should be filed in the office of the Clerk of that Court, which rule should not be operative till notice thereof should be duly served ; which security should be a bond to be executed by a sufficient person, being a house-keeper of said county, in the sum of 50 dollars, conditioned for the payment of such costs as might be adjudged to the appellee on the determination of the appeal between the parties, and accompanied with an affidavit, specifying that the person executing the bond is a house-keeper (in some town, particularizing it) in the said county ; and that he is worth the sum of 100 dollars, over and above all debts owing by him ;" that this rule still remains in force ; that the proceedings on the part of *Tomb* were stayed under this rule ; that a motion had been made to vacate the rule staying proceedings, but denied ; and farther, that, at *December term*, 1822, upon motion, grounded on affidavit, that the appellant and his bail had absconded and left the county, the Court made a rule against the consent of *Tomb's* counsel, that when the said cause should be called on the calendar, unless a bond, in pursuance of the rule before entered, should be filed, previous to its being so called, the appellee should be entitled to have the said judgment affirmed, *ex parte*, or by default ; that on the cause being called, the Court accordingly refus-

ALBANY,
October, 1823.

PEOPLE
v.
COMMON
PLEAS OF
WASHING-
TON.

cannot restrain the appellant from proceeding in the cause, until security for costs is given, on the ground that he is a non-resident. Nor can they order that until security for costs is given, the appellee shall be entitled to an affirmance of his judgment, *ex parte*. The security made necessary by the statute, (*sess.* 41, *ch.* 94, *s.* 17,) is all that can be required.

THE PEOPLE
v.
COMMON
PLEAS OF
WASHING-
TON.

ed to let the counsel of *Tomb* appear, he not having com-
plied with the rule ; and the judgment was affirmed by de-
fault.

Upon the coming in of this return,

*J. Willard,* for the plaintiff, moved for a peremptory *man-
damus.*

*S. Stevens,* contra, said this Court would not interfere with
the proceedings of the Courts of Common Pleas in mere
matters of practice. We have proceeded according to a
general rule of the *Washington* Common Pleas. Not only
so, we have obtained a rule on a special application, for-
bidding the appellant to appear, upon the ground that both
himself and bail had absconded. The appellee had, by this,
lost all remedy for his costs.

*Willard,* in reply. · If the Justice has taken insufficient
bail, he is liable ; but this is no reason why we should be
put to procure additional security. The statute (*sess.* 41,
*ch.* 94, *s.* 17,) is complied with. By this section, the con-
dition of the bond is merely to pay the judgment and
costs. The 19th section of this statute requires the Com-
mon Pleas to cause the parties to proceed, by rules adapted
to the case, with all reasonable diligence, to the hearing of
the cause. But the only rules they have a right to make,
under this statute, are such as shall expedite the cause—not
restrain the party from proceeding. The Court here, first
tie him up, and prevent his appearing ; and then order a de-
fault against him.

*Curia.* The proceedings of the Common Pleas were al-
together irregular. The statute prescribes what security
shall be given to ensure a hearing ; and that when the Court
of Common Pleas become possessed of the cause, they
shall, upon application of either party, and by rules adapted
to the case, cause the parties to proceed, with all reasonable
diligence, to the hearing of the cause. They cannot re-
quire additional security beyond that prescribed in the
statute. Suppse a defendant gives bail, who justify. : These
bail become insolvent before trial : Was it ever heard or

thought of, that the Court may require him to give additional bail, upon penalty of being refused a hearing for his non-compliance ?  To allow of this proceeding would be perverting the plain intent and purpose of the statute, to which the Common Pleas must be confined.

<div align="right">ALBANY,
October, 1823.

Rule for a peremptory *mandamus.*