## SAVAGE *a.* COCK.

*Supreme Court, Second District; General Term, March,* 1864.

APPEALS FROM JUSTICE'S COURT.—NEW TRIAL.—AMENDMENT OF PLEADINGS.

Where a new trial is had in the County Court on appeal from a justice's judg-
ment, upon an issue of fact, under section 366 of the Code, the parties are re-
stricted to proofs under the issue raised in the justice's court.

Thus, on such a new trial, the County Court have not power to allow the defend-
ant to amend his answer by pleading a new defence.

Appeal from a judgment of the County Court reversing the judgment of a justice's court.

This action, brought by James Savage and another, against Edward Cock, was commenced in a justice's court in Queens county. The complaint was for manure sold and delivered to the defendant. The defendant's answer consisted of a general denial of the allegations of the complaint. The plaintiff obtained judgment against the defendant for $121.70, damages and costs. From this judgment the defendant appealed to the County Court of Queens county. Upon the trial in the County Court, the defendant was allowed to amend his answer, by pleading payment. Judgment was rendered in the County Court in favor of the defendant, and from this the plaintiff appealed to the general term of the Supreme Court.

*John J. Armstrong,* for the appellants.—I. The County Court erred in allowing the defendant to amend his answer at the trial by interposing a new defence. 1. The appeal is to be heard upon the original papers. (§ 365.) 2. The issue of fact to be tried in the County Court, is the one brought into that court upon appeal. (§ 366, subd. 3 and 4.) 3. The power to amend the pleadings is not conferred upon the County Court, upon the trial of issues of fact on an appeal from the justice's court. 4. The amendment presented a new defence. The power to

amend at the trial is not given to the extent exercised in this case.

*Benjamin W. Downing*, for the respondent.

SCRUGHAM, J.—This action originated in the justice's court, where the plaintiffs complained that the defendant was indebted to them in the sum of two hundred and sixteen dollars for manure sold to him by their assignors. The answer was a general denial, and judgment was rendered for the plaintiffs for $127.70, damages and costs. An appeal was taken to the County Court, and, on the trial there, the defendant was allowed to amend his answer so as to set up payment. This, we think, was error. The case was in the County Court on appeal, and the new trial, which the statute requires, is of the issues of fact joined in the justice's court. (*Code*, § 366, subd. 3.)

If this issue of payment had been presented in the justice's court, it is probable that the result there would have been the same as that afterwards reached in the County Court, and the plaintiffs would not have been subjected to the costs of an appeal.

Defendants should not be allowed to conceal their real defences and allow judgments to be taken against them in a justice's court, and, on appeal, present their true defences, and cast the costs upon the plaintiffs.

The judgment of the County Court should be reversed, and a new trial in that court should be ordered. Costs to abide the event.

BROWN, P. J., and LOTT, J., concurred.