## MONROE COUNTY COURT.

MARY E. MELLEN, respondent, agt. CHARLES D. HUTCHINS, appellant.

*Costs — Non-residents — when required to furnish security for costs.*

A non-resident need not furnish security for costs if he begins suit in a justice court or municipal court, although such security could be compelled if suit was commenced in courts of record, but not when an appeal is taken to the county court.

*March,* 1880.

APPLICATION by respondent for commission to take testimony, and by appellant for security for costs.

*Fanning & Williams*, for respondent.

*J. E. Roe*, for appellant.

MORGAN, *Special County Judge.*— The respondent resides at Worcester, Mass.; the appellant in the city of Rochester,

Mellen agt. Hutchins.

N. Y. The action was brought by long summons in the municipal court of the city of Rochester, which is not a court of record. Judgment was recovered in favor of the respondent, and from that judgment the appellant appeals to this court. The respondent applied for a commission to take her own testimony in Massachusetts, and that of a witness in Akron, Ohio, under section 887 *et seq* of Code. Upon the hearing of that application, the appellant objected that the respondent should file security for costs, and an order was then made for the respondent to show cause why she should not file such security, and the two applications were heard together. Upon the papers before me there seems to be good reason why the commissions should issue as applied for. The only question is whether security can be required to be filed by the respondent on the ground of her non-residence, under 2 Revised Statutes (*Edmonds ed.*, 644, *section* 1, *clause* 1) It was held in *Fennor* agt. *Dickinson* (4 *Denio*, 84) that an appeal to the court of common pleas, from a justice of the peace, is but a continuation of the proceedings previously had, or action begun in the justice's court. To the same effect is the case of *Traver* agt. *Nichols* (7 *Wend.*, 434). And it was held in the case of *The People* agt. *Common Pleas Judges* (1 *Cow.*, 576) that a court of common pleas could not require security beyond that prescribed by the statute, and could not require a defendant to give additional security because that given was insufficient.

It was also decided in *Payne* agt. *Hathaway* (4 *N. Y. Leg. Obs.*, 21) that a justice of the peace has no power to compel a non-resident plaintiff to file security for costs under the statute in consideration here, and that this statute only applies to courts of record. Under the statute of 1831 (*chap.* 300, *sec.* 32) the respondent being a non-resident of this county, might have been compelled to file security upon procuring a short summons. Whether being a non-resident she was entitled to a long summons is not necessarily to be considered here ; but I am compelled, by the decision in *Payne* agt. *Hathaway*

(*supra*), to hold that the municipal court, not being a court of record, could not have compelled her to file security under the general statute relating to security for costs (2 *R. S.*, 644).

From the other cases above cited it seems equally clear that if the security for costs could not be compelled to be filed at the commencement of the action, the county court (which stands in the same relation to the municipal court as the court of common pleas held toward justices of the peace) cannot now compel security to be filed. The commission may, therefore, issue in the usual form and the respondent need not file security for costs; but, inasmuch as the question does not seem before to have been passed upon, so far at least as any cases have been called to my attention, neither party shall have costs of this application as against the other.