GEORGE J. FLINT, APPELLANT, *v.* ABRAM VAN DEUSEN, EXECUTOR, ETC., AND OTHERS, RESPONDENTS.

*Security for costs — when a non-resident plaintiff cannot be compelled to furnish it.*

When a plaintiff, pending an appeal taken by the defendant from a judgment recovered against him, removes from the State, he cannot, while the judgment stands unreversed, be compelled to file security for costs.

APPEAL from an order made at the Otsego Special Term, denying a motion to set aside an order granted *ex parte*, requiring the plaintiff to file security for costs.

*Lynes & Van Horn,* for the appellant.

*Isaac H. Maynard,* for the respondents.

SMITH, J. ;

The plaintiff recovered a judgment herein against the defendants, from which the defendants appealed. Thereafter the plaintiff removed from the State, and the defendants, pending the appeal, obtained an order requiring him to file security for costs, on the ground that he had become a non-resident since the commencement of the suit. The only question is whether the case is within the meaning and spirit of the statute. (2 R. S., 620, §§ 1, 2.) We are inclined to think that after the plaintiff has recovered judgment in the suit, which entitles him to the costs of the action, he cannot be compelled to file security for costs so long as the judgment stands unreversed. The presumption of law is in favor of the correctness of the judgment, and while the judgment stands the defendant can have no claim on the plaintiff for costs. Should the judgment be reversed, doubtless the defendant would then be entitled to an order requiring the non-resident plaintiff to file security for costs, or in default thereof, staying his proceedings. True, the Code provides that the *title* of the action shall not be changed in consequence of the appeal (old Code, § 326), except as therein specified (new Code, § 1295), and under that provision it has been held frequently that an appeal is simply a continuation of the

original action. That, however, is a mere rule of practice which, in our opinion, does not change the effect of the statute under consideration. The fourteenth rule of the Supreme Court of January Term, 1799, directed "that where a suit shall be commenced for a non-resident plaintiff, before security for costs, by a sufficient householder of the estate, in the sum of $100 in the usual form shall be given, the attorney shall be deemed to have become security for costs, and where at any time pending the suit the plaintiff shall remove out of the State, and the attorney shall thereafter proceed in the cause before such security shall be given, he shall in such case also be deemed to have become security for costs; but he shall not in any case be liable to an amount exceeding $100, or where, if there shall be a plurality of plaintiffs, one of them shall be a resident within the State." (1 Dunlap's Pr., 90.) Under that rule it was held in *Frary* v. *Dakin* (8 Johns. R., 353), that the bringing a writ of error is not the commencement of such a suit as would render the attorney of the plaintiff in error (a non-resident), responsible for the costs, and that the case did not come within the meaning of the rule as to filing security for costs. The court said, "this is not a case coming within the spirit of the fourteenth rule of January Term, 1799. That rule contemplates a suit originating in this court. The plaintiff in error came to this court, not to enforce a demand, but to avoid a judgment which he supposed had been erroneously given in the court below. Although the bringing a writ of error is considered as a new action, yet it is not the commencement of such a suit as comes within the rule by which the attorney can be made responsible for the costs. It never has been supposed that in a case like this, a non-resident plaintiff was obliged to file a bond; and it is only where a bond ought to have been filed, that the attorney is answerable for the costs." The court said further, however, that "if there had been an application to the court to stay the proceedings on the writ of error, it is probable the proceedings would have been stayed until security for costs had been given." So far as that remark is concerned, the case differs from this, the non-resident there having been the party who sought to avoid the judgment. But the case shows that even if an appeal under the present practice were considered the commencement of a new

action, as was the old writ of error, still the case would not be within the statute, and that the circumstance that an appeal is now regarded as a continuation of the original suit, has no bearing upon the question under consideration. In *Kanouse* v. *Martin* (3 How. Pr. R., 24, Feb. 1847), it was held that it is not necessary for a non-resident *plaintiff in error* to file security for costs; the bond required by statute on prosecuting his writ of error, is all that is required. Before the Code as well as since, an *appeal*, unlike a writ of error, was merely a continuation of the original action. (*The People ex rel. Tomb* v. *The Judges of the Court of Common Pleas, etc.*, 1 Cow., 576; *Traver* v. *Nichols*, 7 Wend., 434; *Fenno* v. *Dickinson*, 4 Den., 84.) If the appellant, who is the *actor* in the appeal, cannot be required to file security for costs, it seems to follow that such security should not be required of the respondent, whose attitude is defensive merely.

The Special Term case of *Johnson* v. *Yeomans* (8 How. Pr. R., 140), cited for the respondent, in which it was held that the defendant who had appealed from the judgment recovered against him in the action on demurrer, and had subsequently removed from the State, could not be compelled to file security for costs, was rightly decided according to *Frary* v. *Dakin*, and *Kanouse* v. *Martin* (*supra*), although put upon other grounds which, if the views above expressed are correct, were untenable. The other cases cited for the respondent do not conflict with what we have said. In *Ranney, assignee, etc.* v. *Stringer* (4 Bosw., 663), the plaintiff, an assignee for creditors and also a non-resident, was ordered to file security for costs, after he had appealed from a judgment entered against him in the action. The case was decided under another statute. (Code of Procedure, § 317.) *Gardner* v. *Kelly* (2 Sandf., 632), was not the case of an appeal. A judgment had been taken against the defendant by default, and he had been let in to defend, the judgment being allowed to stand as security. It was properly held that the plaintiff, who was a non-resident, should be required to file security for costs. As was said by Mr. Justice WELLES, in *Butler* v. *Wood* (10 How. Pr. R., 313), the statute should receive a reasonable construction; and to require security for costs, depending on the reversal of a judgment which, in presumption of law, ought to stand, would be unreasonable.

The order refusing to set aside the order to file security, should be reversed with ten dollars costs and disbursements, and the motion to set aside the *ex parte* order should be granted, with ten dollars costs.

TALCOTT, P. J., and HARDIN, J., concurred.

Order appealed from reversed, with ten dollars costs and disbursements, and motion to set aside order granted, with ten dollars costs.