## MILBANKS *v.* COONLEY.

(*Supreme Court, General Term, Third Department.*　July 2, 1888.)

1. JUSTICES OF THE PEACE—JURISDICTION—AMOUNT IN CONTROVERSY—PAYMENTS.
　　Where, in an action before a justice, by agreement, the bills of particulars filed with the complaint and answer of the parties, respectively, were admitted in evidence, subject to the right to cross-examine, and were considered as sworn to by the respective parties, and plaintiff had annexed to his bill of $281.89 a statement of credits, admitting certain charges, amounting to $92.06, in defendant's bill, for work done, etc., when his entire claim was for $221.11, such charges cannot be regarded as payments on plaintiff's claim so as to reduce the aggregate of the accounts below $400, and thus give the justice jurisdiction.

2. SAME.
　　Nor can such statement of credits be treated as an allowance of defendant's claim to that extent; it appearing, on a comparison of items, that the prices differ where the charges are identical.

3. SAME—SET-OFF IN FORMER ACTION.
　　The fact that defendant, in a complaint in a former action against plaintiff to recover the amount now adduced as a set-off, averred that "defendant has paid in offset, * * * as set forth in the bill of items," a certain amount, is not ground for treating that amount as a payment, and thus reduce the aggregate of defendant's items.

4. SAME—DECISION OF JUSTICE—REVERSIBLE ERROR.
　　The decision of the justice on the question whether the sum total of the accounts of the parties to the action exceeds $400, thus determining his jurisdiction, is not conclusive in the sense that it cannot be reviewed. If incorrect, though not fatal to his jurisdiction, it is nevertheless error for which the judgment will be reversed.

Action commenced in justice's court by Charles Milbanks against Solomon Coonley. Judgment for plaintiff. Defendant appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*W. S. Hevenor*, for appellant. *Augustus Sherman*, for respondent

LEARNED, P. J. This action was commenced in justice's court. To the plaintiff's complaint was attached a bill of particulars marked "X;" to the defendant's answer, a bill of particulars marked "V." On the trial it was stipulated by parties and counsel that these two bills of particulars were admitted and received in evidence subject to the right to cross-examine; that the bills should be considered as respectively testified and sworn to by the respective parties. (This is the fair understanding of the case, although in one

place it speaks as if plaintiff were also to testify to defendant's bill.)   Now, plaintiff's bill of particulars, X, amounts in the total to $281.29.   He adds to his bill charges of defendant against him, not payments, amounting to $92.06. Defendant's bill of particulars amounts to $221.11, and he testifies to its correctness.   The total amount, therefore, was $502.40; and, as the respective bills were taken as testified to by the parties, we have an aggregate of items given in evidence of $502.40.   It is quite possible that the items attached to plaintiff's bill of particulars, amounting to $92.06, may be the same with a part of defendant's bill of particulars.   Assuming this to be so, still the aggregate of accounts would not be changed.   The charges of defendant against plaintiff, attached to plaintiff's bill, are not payments, unless an item called "cash for pressing" may be so considered.   The argument of plaintiff is that, as the plaintiff attached to his bill of particulars a bill of defendant's supposed counter-claim, that is to be considered as a payment.   But we think not.   It expressly shows work done, etc.,—items which would give the defendant a cause of action against plaintiff.   Of course, a payment can never constitute a cause of action.

There are many of the items in defendant's bill of particulars, Y, which appear to be identical with some of those stated in the bill of credits annexed to plaintiff's complaint, marked "Z," but many we cannot identify.   The plaintiff gave in evidence the complaint, and a bill of items attached thereto, in an action commenced by this defendant against this plaintiff before a justice of the peace, and afterwards discontinued; and he urges that, because in that complaint defendant averred that "the defendant has paid in offset and as set forth in the bill of items" a certain amount, therefore that amount must be treated as payment, and thus must reduce the aggregate of defendant's items.   But this is not so.   The bill plainly shows that it was not, accurately, a payment, but a set-off; and so the complaint stated it.

The plaintiff further insists that the decision of the justice is conclusive. The law on this point is well stated in *White* v. *Place*, 40 Hun, 481.   It is to the effect that, as the justice must decide whether the sum total of the accounts exceeds $400, an incorrect decision is error, but not fatal to jurisdiction.   It is to be corrected like any other error._ In that case the general term examined the case, and found that the evidence did not show that the sum total exceeded $400, and on that ground reversed the county court.   But the court did not hold that the decision of the justice was conclusive in the sense that it could not be reviewed; only that the judgment would not be void.   Certainly, a justice cannot, against the evidence, render a judgment which may not be reversed.   If, therefore, it clearly appears from the evidence that the sum total of the accounts did exceed $400, the justice was in error; and the judgment should be reversed.

The plaintiff further insists that, by attaching bill Z to his complaint, he has allowed $92.06 of defendant's claim, and thus reduced by so much the sum total of accounts.   But on comparing the two bills, viz., Z with Y, we find sometimes different prices where we can identify the charges.   We do not see, therefore, how this can be an admission of defendant's items, even if an admission of these items should be held to reduce the sum total. The pleadings of the parties seem to have put everything at issue.   The judgment should be reversed, with costs.

LANDON and INGALLS, JJ., concur.