## WILLIAM WATSON, APPELLANT, *v.* ALBERT BENZ, RESPONDENT.

*Offer of judgment on appeal from a justice's judgment — what costs are recoverable.*

A party to an action which has been tried in a Justice's Court, who refuses to accept an offer made, pending an appeal in the appellate court, taken by his adversary, to allow judgment to be taken for a specified amount, and obtains a more favorable judgment in the appellate court, can recover costs from the time of the offer, inasmuch as he has obtained a judgment more favorable to him than the offer.

APPEAL by the plaintiff William Watson from an order of the County Court of Queen's county, entered in the office of the clerk of the county of Queens on the 21st day of February, 1890, setting aside a taxation of costs.

The order appealed from directed the clerk of Queens county to reduce the judgment, entered in the above-entitled action and docketed in his office on the 24th day of March, 1890, for the sum of seventy-seven dollars and forty-two cents, against the defendant and in favor of the plaintiff, to the sum of twelve dollars and fifty

cents, the amount of the verdict of the jury on the trial in the County Court.

*C. A. S. Van Nostrand,* for the appellant.

*Harrison S. Moore,* for the respondent.

DYKMAN, J.:

The plaintiff recovered a judgment in this action against the defendant in a court of a justice of the peace for twenty-five dollars damages and five dollars costs, and the defendant served a notice of appeal to the County Court, in which he demanded a new trial in that court. Within fifteen days after the service of the notice of appeal the defendant served a written offer to allow judgment to be taken against him for the sum of five dollars, but the offer was silent on the question of costs, and it was not accepted. The action was retried in the County Court and the plaintiff obtained a verdict for twelve dollars and fifty cents. Thereupon the county clerk adjusted the costs of the plaintiff at sixty-four dollars and ninety-two cents, and entered judgment in his favor for seventy-seven dollars and forty-two cents.

Subsequently, and on the motion of the defendant, the County Court made an order vacating the adjustment of the costs and reducing the judgment to twelve dollars and fifty cents, and allowed ten dollars costs of the motion to be off-set against the judgment as corrected and reduced.

From the last order the plaintiff appealed to this court, and we find it erroneous. The question lies under the control of section 3072 of the Code of Civil Procedure, which is as follows, so far as it has application to this appeal: "Either party may, at any time after the action is deemed at issue in the appellate court and before the trial, serve upon the adverse party a written offer to allow judgment to be taken against him for a sum or property or to the effect therein specified, with or without costs. * * * If the party receiving the offer within ten days thereafter serves upon the adverse party notice that he accepts it, he may file it with proof of acceptance, and thereupon the clerk must enter judgment accordingly. If the offer is not thus accepted, it cannot be proved upon the trial; and if the party to whom it was made fails to obtain a more favor-

able judgment, he cannot recover costs from the time of the offer, but must pay costs from that time."

As the converse of the last paragraph of this section must be true, it follows that if the offer be not accepted and the party does not fail to obtain a more favorable judgment, he can recover costs from the time of the offer; the plaintiff in this case can recover costs because he did obtain a judgment more favorable to him than the offer. The offer tendered him a judgment for five dollars, and upon its acceptance by him he might enter judgment for that sum only, without costs, whereas he obtained a judgment for twelve dollars and fifty cents, more than double the amount offered, so that, both in respect to the verdict and the costs, the judgment was more favorable to the plaintiff than the offer. The case of *Zoller* v. *Smith* (45 Hun, 319) is not an authority here, because the plaintiff failed to recover a judgment more favorable than his offer.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion should be denied, with ten dollars costs.

PRATT, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.