JONATHAN L. GOULD, Appellant, *v.* FLORENCE E. PATTERSON, as Administratrix, etc., of GEORGE G. PATTERSON, Deceased, Respondent.

*Justice's Court — failure to object that title to real property is in question — justice's judgment voidable and not void — new trial in the County Court — proceedings of the County Court — manner of trial in the Justice's Court, not considered in the County Court.*

When by reason of the failure of the defendant, in an action brought in a Justice's Court, to procure the discontinuance of the action on the ground that the title to real estate is involved therein, in pursuance of sections 2951, 2952 and 2954 of the Code of Civil Procedure, the justice obtains jurisdiction of the action, he is required to proceed with the trial thereof and the defendant is precluded from drawing the title to real estate in question, but if it appears upon the trial from the plaintiff's showing that the title to real property is in question and is disputed by the defendant, the justice should, under section 2956 of the Code of Civil Procedure, dismiss the complaint.

Although a justice of the peace cannot take cognizance of an action where the title to real property comes into question, as prescribed by statute, the question whether such title is brought in question on the plaintiff's showing and disputed by the defendant is for the justice to decide, and his refusal to dismiss the complaint, when it does so appear, does not render his judgment for the plaintiff void for want of jurisdiction, but only voidable for error.

When an appeal is taken from a justice's judgment and a new trial is demanded, if the judgment be void there is no judgment to support the appeal or a new trial founded upon it.

A trial in a County Court upon an appeal from the judgment rendered in a Justice's Court, where a new trial is demanded, is not subject to the restrictions of the statute in respect to the title to real estate applicable to a trial in a Justice's Court, but the County Court has power to fully try the issues on the merits notwithstanding the fact that the case involves the trial of issues relating to a disputed question as to the title to real property; nor can the County Court dismiss the complaint on the ground that the title to real property was brought in question and disputed on the trial in the Justice's Court.

The relation which an action in its procedure, when taken into the County Court by an appeal demanding a new trial, has in respect to the action as it appeared in the Justice's Court, is such as is given by the statute and the issues to be tried.

The manner in which the action was tried in the court below and the questions there raised are not matters of consideration on the trial in the County Court.

APPEAL by the plaintiff, Jonathan L. Gould, from a judgment of the County Court of Livingston county in favor of the defendant, entered in the office of the clerk of the county of Livingston

on the 24th day of September, 1894, upon the decision of the court dismissing the plaintiff's complaint upon the merits upon an appeal from a judgment of a justice of the peace of the town of Nunda, Livingston county, in favor of the plaintiff.

*Charles D. Newton,* for the appellant.

*E. C. Olney* and *S. M. Norton,* for the respondent.

BRADLEY, J. :

The action was originally commenced against the defendant's intestate and recovery had against him by the plaintiff in a Justice's Court. On appeal and demand for a new trial in the County Court, a trial was had which resulted in a dismissal of the complaint, and on appeal to this court the judgment of the County Court was reversed and a new trial granted. (63 Hun, 575.)

This appeal is from the judgment resulting on the second trial in the County Court. The ground for the dismissal of the complaint, as shown by the decision of the court, was, that it appeared on the trial by the plaintiff's showing that title to real property was in question, which title was disputed by the defendant, and that the same so appeared and was disputed on the trial in the Justice's Court. The cause of action alleged in the complaint is that the defendant wrongfully entered upon certain described land owned by and in the possession of the plaintiff, and maliciously cut down and appropriated to his own use some trees growing thereon. The defendant by his answer denied the allegations of the complaint, and alleged title and possession in himself to the land where the trees stood and from which they were taken.

Upon the trial in the County Court, the plaintiff gave evidence of title to the *locus in quo* and that question was litigated. This could have been legitimately done there if the action had been originally commenced in the County Court. On the review by this court of the first trial in the County Court, it was held that the fact that the action was originally commenced in the Justice's Court did not deny to the County Court the right to determine it upon the merits, although title to the real estate was brought in question by the plaintiff's showing and was disputed by the defendant. And it was there said by Mr. Justice MACOMBER that "the learned county

judge assumed, as we think, erroneously, that he was hearing the same case that had been tried before the justice of the peace.   *   *   * The fallacy of the learned counsel for the defendant in making his application for a nonsuit lay in the assumption, which, as above seen, has no existence in the statutes, that the County Court was obliged to dismiss the case if title to real estate appeared upon the trial there, just as though it was acting in the place of the court of the justice of the peace." Reference was also made to the fact that it did not appear in the record before this court on such review that title to real property was in question and disputed on the trial in the Justice's Court. But the effect, on the trial in the County Court, of such facts, if they had appeared, was not announced. On the second trial in the County Court, the evidence taken in the Justice's Court was introduced with a view to the inquiry whether title to land was there brought in question and disputed. The defendant had the opportunity before the justice of procuring a discontinuance of the action there in the manner provided by the statute. (Code Civ. Proc. §§ 2951, 2952, 2954.) By reason of his failure to do so, the justice had jurisdiction of the action, was required to proceed with the trial of it, and the defendant was precluded from drawing the title in question. (Id. § 2955.) Yet, if it appeared upon the trial from the plaintiff's showing that title to real property was in question and disputed by the defendant, the justice should have dismissed the complaint. (Id. § 2956.) It is difficult in such case to see any support for the proposition that the trial and determination of the action by the County Court are dependent upon or controlled by the evidence and the questions raised upon it in the Justice's Court simply because they were raised there. Although a justice of the peace cannot take cognizance of an action where the title to real property comes in question as prescribed by the statute (Id. § 2863), the question whether such title is brought in question on the plaintiff's showing and disputed by the defendant is for the justice to decide, and his refusal to dismiss the complaint when it does so appear does not render his judgment for the plaintiff void for want of jurisdiction, but only voidable for error. (Id. § 2956; *Koon* v. *Mazuzan,* 6 Hill, 44; *Bowyer* v. *Schofield,* 1 Abb. Ct. App. Dec. 183; 2 Keyes, 633; *White* v. *Place,* 40 Hun, 481; *Millbanks* v. *Coonley,* 17 N. Y. St. Repr. 533.)

A different question arises when the justice's judgment from which appeal for a new trial is taken is void. Then there is no judgment to support such an appeal or a new trial founded upon it. (*Gillingham* v. *Jenkins*, 40 Hun, 594.) As in the present case the appeal was available for the purposes of a new trial in the County Court, the only question here is whether or not there was any, and if so what, limitation of the power of the County Court, upon the trial, other than that arising from the issues as presented by the pleadings. They put in issue the title as well as the possession of the *locus in quo*. If there is any other, it arises from the fact that the action was commenced in Justice's Court.

In *O'Donnell* v. *Brown* (3 Lans. 474), which was decided in 1871, it was held that the liability to have the action dismissed, by reason of a disputed question of title, followed the case from the Justice's Court to the appeal for a new trial in the County Court. This was before the adoption of the Code of Civil Procedure. In *White* v. *Place* (40 Hun, 483) that proposition is, by Mr. Justice Bookes, treated as one of doubt; and, on the first review of the present case, it was held that the trial in the County Court was not subject to the restriction in that respect of the provisions of the statute applicable to the trial in the Justice's Court, but that the County Court had the power to fully try the issues on the merits, notwithstanding it involved the determination of a disputed question of title to real property. (*Gould* v. *Patterson*, 63 Hun, 575.) That is controlling authority here, and unless this case for some substantial reason can be distinguished from the case on the former review, the same result then given must follow. The court, then, did not determine that in case the title to real property was brought in question and disputed on the trial in the Justice's Court, the County Court could, on that ground, dismiss the complaint if the like question arose on the trial in that court. No such question was before the court on that review, nor does it necessarily appear what disposition would have been made of that proposition if it had been there for consideration.

The relation which the action in its procedure, when taken by appeal into the County Court for a new trial, has in that respect to it, as it appeared in the Justice's Court, is such as is given by the statute and the issues to be tried. The manner in which they are

tried in the court below, and the questions there raised, are not matters for consideration on the trial in the County Court. (*Crannell v. Comstock,* 12 Hun, 293.) Prior to the amendment in 1865 of section 366 of the Code of Procedure it was held that the issues in the Justice's Court could not be changed by amendment in the County Court on appeal to it for a new trial. (*Savage* v. *Cock,* 17 Abb. Pr. 403.)

But the jurisdiction and powers of the County Court have been somewhat enlarged by sections 348 and 3071 of the Code of Civil Procedure. By the latter section it is provided that, upon such an appeal to the County Court for a new trial, all proceedings therein " are the same as if the action had been commenced in the appellate court, except as otherwise specially prescribed" in the chapter referred to. This relates to procedure, and includes the power of the court to allow amendments to the pleadings, and thus to permit the trial of issues which were not in the court below. (*Simpson* v. *Rome, W. & O. R. R. Co.,* 48 Hun, 113.) For the reasons hereinbefore given we have not deemed it necessary to refer to the evidence given on the trial before the justice.

The action was properly continued against the personal representative of the original defendant. (2 R. S. 114, § 5, Code Civ. Proc. § 757.)

The judgment should be reversed and a new trial granted in the County Court, costs to abide the event.

LEWIS, WARD and WERNER, JJ., concurred.

Judgment reversed, new trial granted in Livingston County Court, costs to abide the event.