(3 App. Div. 422.)

### JACOB v. WATKINS.

(Supreme Court, Appellate Division, Second Department.  April 28, 1896.)

REPLEVIN—VALUE OF PROPERTY—EVIDENCE.

    In replevin for a piano which, while belonging to plaintiff, was levied on as the property of a third person, and sold under the execution to defendant, the price paid by him is competent evidence of the value.

Appeal from Queens county court.

Action by C. Albert Jacob against Clarence S. Watkins.  From a judgment on a verdict directed for plaintiff, defendant appeals.  Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

George B. Stoddart, for appellant.

Morris Putnam Stevens, for respondent.

PER CURIAM.  This action is in replevin to recover a piano and damages for its detention.  The plaintiff and his co-partners consigned the piano to one John McCramm, for sale on their account, the piano to remain their property until sold by McCramm.  The property was seized on an execution against McCramm and sold to the defendant.  We think it plain that the defendant acquired no title to the piano by the execution sale against McCramm.  The ruling of the trial court in this respect was correct.  But the value of the property was to be assessed by the jury.  The plaintiff's testimony in that respect was not conclusive.  The constable who made the sale, which, of course, was at public auction, testified to the price realized at the sale.  Subsequently, on the motion of the plaintiff, this evidence was stricken out.  We think this was fatal error.  It is settled by authority that the price which property realizes at a

public sale is evidence of its value.    Campbell v. Woodworth, 20 N. Y. 499;  Gill v. McNamee, 42 N. Y. 44.    For the error in excluding this evidence, and also in refusing to submit the question of value to the jury, the judgment appealed from must be reversed, and a new trial ordered;  costs to abide event.