FOWLER v. DEARING.

(Supreme Court, Appellate Division, Second Department. June 23, 1896.)

COSTS—APPEAL FROM JUSTICE'S COURT—AMOUNT OF RECOVERY.

Code Civ. Proc. § 3228, subd. 4, providing that plaintiff in an action to recover money only is entitled to costs, if he recovers $50 or more, applies to actions commenced in justices' courts and appealed for new trial in the appellate court, and therefore plaintiff in such case is entitled to costs, though he made no offer to accept judgment for a specified amount, pursuant to section 3070, relating to appeals for new trial in the appellate court, which provides that either party on such appeal may make an offer to allow judgment, and a party refusing to accept the same shall be liable for costs unless the recovery shall be more favorable to him than the sum offered.

Appeal from Queens county court.

Action by George H. Fowler against George B. Dearing to recover for goods sold and delivered and services rendered. From an order affirming a ruling of the county clerk to the effect that plaintiff was not entitled to recover any costs or disbursements against defendant, and refusing to tax the same, the plaintiff appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

M. Linn Bruce, for appellant.
Harrison S. Moore, for respondent.

BARTLETT, J. This action was originally brought in a justice's court in Queens county to recover $192.15 for goods sold and delivered and services rendered. The defendant prevailed upon the trial, which resulted in a judgment dismissing the complaint with $10 costs. The plaintiff appealed to the county court, demanding a new trial therein, under section 3068 of the Code of Civil Procedure. The defendant thereupon served upon the plaintiff an offer to allow judgment to be rendered in the appellate court in favor of the plaintiff for $10. The plaintiff did not accept this offer, nor did he serve any written offer upon the defendant that he would take judgment for a specified sum. When the case came to trial in the county court, however, the plaintiff obtained a verdict for $202.15. Upon a subsequent application to the county clerk to tax the costs, that officer decided that no costs could be awarded to the plaintiff,

and his ruling to this effect has been sustained in the county court. It seems to me that the correctness of this ruling depends upon the question whether or not the general provisions relating to costs in section 3228 of the Code of Civil Procedure apply to proceedings originating in courts of justices of the peace. Under section 3070 of the Code, as construed in the case of McKuskie v. Hendrickson, 128 N. Y. 555, 28 N. E. 650, a successful plaintiff who has refused a defendant's offer of judgment is not entitled to costs unless he recovers more than the amount offered by the defendant, and has made an offer himself to take judgment for a specified sum which does not exceed the amount that he eventually recovers. The plaintiff in the present action did not accept the defendant's offer, and recovered an amount far in excess thereof, but had himself made no offer to take judgment for any particular sum. Hence he was not entitled to costs unless the case comes under that clause of section 3228 of the Code which gives costs to the plaintiff where he recovers the sum of $50 or more. In the case of McKuskie v. Hendrickson, already cited, there is a clear intimation by the court of appeals that this provision is applicable to suits in justices' courts, and the same conclusion necessarily results from the decision of the general term of the Third department in Birdsall v. Keyes, 66 Hun, 233, 21 N. Y. Supp. 87. In the former case the court said that the plaintiff was not entitled to costs by virtue of any general provision contained in section 3228 of the Code, "because he did not recover as much as $50," thereby clearly implying that he would have been entitled to costs if the recovery had amounted to that sum. In Pierano v. Merritt, 148 N. Y. 289, 42 N. E. 718, this intimation is referred to by Vann, J., without any suggestion of disapproval. In the Birdsall Case the amount of the recovery in the justice's court was $77, and the defendant appealed to the county court in Albany county, and took a new trial therein, meantime offering to allow judgment to be taken against him for $30. The plaintiff did not accept this offer, and made no offer on his own part fixing an amount for which he was willing to take judgment. Upon the trial in the county court the plaintiff obtained a verdict for $55, upon which judgment was entered amounting to $112.31, inclusive of costs. The question on the appeal to the general term was whether these costs were properly allowed to the plaintiff or not. The general term held, in substance, that when an offer under section 3070 of the Code was not accepted, and was not as favorable to the adverse party as the result of the trial, the offer had no effect whatever upon the question of costs. It further held, however, that, inasmuch as section 3071 provides that after the expiration of 10 days from the time of filing the justice's return the action is deemed an action at issue in the appellate court, the rights of parties in respect to costs are governed by the provisions of law applicable to actions originally commenced in such a court; and, inasmuch as the recovery in the county court of Albany county was for a sum sufficient to entitle the plaintiff to costs if he had begun his suit there in the first instance, he was entitled to a full bill of costs in the action. I do not see how this result could have been reached without holding that subdivision 4 of

section 3228 of the Code regulated the award of costs under such circumstances. In 1895 section 3070 was amended by the addition of this sentence: "Costs when awarded according to the provisions of this section shall be in amounts provided in section 3073 of this article." The learned county judge, in his opinion, takes the view that this amendment precludes the application of section 3228 to the case at bar, but I am unable to perceive why it should be deemed to have that effect. It seems to me that the additional clause merely fixes the particular sums which may be awarded as costs under the amended section, and has nothing to do with the applicability of the more general provisions of the Code in regard to the circumstances under which a party becomes entitled to costs.

Order reversed, with $10 costs and disbursements, and costs directed to be taxed in favor of the appellant. All concur.