(10 App. Div. 475.)

## JACOB v. WATKINS.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

**1. AGENTS—SALES ON COMMISSION—LEVY ON CONSIGNMENTS.**
   Goods consigned to an agent to sell, the title remaining in the consignor, cannot be taken on execution for the agent's debts.

**2. WITNESSES—HANDWRITING—COMPETENCY.**
   A witness is competent to testify to handwriting if he had often seen the person whose alleged handwriting is in question write his name.

**3. APPEAL FROM JUSTICES—AMENDMENTS.**
   The county court can, on appeal from a justice of the peace for a new trial (Code Civ. Proc. § 3071), permit an amendment changing the amount for which judgment was demanded to a sum in excess of the jurisdiction possessed by the justice's court.

**4. TRIAL—ERRORS IN VERDICT—AMENDMENT.**
   It is proper for the court to point out to the jury errors in their verdict, and to direct them to amend it.

Appeal from Queens county court.

Action by C. Albert Jacob against Clarence S. Watkins to recover a piano and damages for its detention. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

This action is in replevin to recover a piano and damages for its detention. The plaintiff and his co-partners consigned the piano to one John C. McCrann, for sale on their account, the piano to remain their property until sold by McCrann. The piano was seized on an execution against McCrann, and sold to the defendant. The action was commenced before a justice of the peace. The trial before the justice and a jury resulted in a judgment for plaintiff. The case was appealed to the county court by defendant, and a new trial was demanded. On the trial in the county court, plaintiff testified as follows: "I have seen McCrann sign his name, but not this particular signature [referring to a signature on the consignment of the piano in question, which consignment also embodied a receipt for the piano, and the contract between plaintiff and McCrann]. I often saw him write at our place. He sometimes signed a check there, and might have signed receipts there. * * * From seeing McCrann sign these receipts, I am able to state that I know his handwriting." The county judge instructed the jury that, in fixing the amount of damages for detention, they might consider both the question of interest and the question of rental value, as testified to by plaintiff, and make its award accordingly. The jury found a verdict for the plaintiff for the return of the piano or its value, $200; but, if plaintiff would give up the piano, he is to pay as damages $5 per month for the time he had the piano, and, if he does not give it up, then he is to pay 6 per cent. interest on the $200, from the time of the demand for its return. The court refused to accept the verdict, and directed that the jury must fix a sum as damages for detention. The jury retired, and found a verdict of $100 for plaintiff, as damages for detention of the piano. The plaintiff stated that he only claimed $80, and moved that the amount of damages be reduced to that sum. The court then directed the clerk to enter a verdict for the plaintiff for the return of the piano, or its value, $200, and $80 damages for the detention thereof. The jury, having been polled, and the verdict, as recorded by the clerk, having been first read to them, say that the verdict as recorded is their verdict.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George B. Stoddart, for appellant.
Morris Putnam Stevens, for respondent.

PER CURIAM. When this case was before us on a former appeal (Jacob v. Watkins, 3 App. Div. 422, 38 N. Y. Supp. 763), we held that

the evidence warranted the court in holding that defendant acquired no title to the piano upon the execution sale. The present record in this regard is not changed from what before appeared. The former decision must therefore be held as controlling. It is undoubtedly true that possession is usually evidence of ownership. But where the possession is explained, and the character of the right thereto appears, ownership is to be determined therefrom. In the case before us it appears by the written instrument that ownership remained in plaintiff's assignor, and that McCrann's possession was simply that of agent to sell. It could not, therefore, be taken on execution for his debt. The character of his possession, therefore, was not the subject of dispute, and there was left no question of fact for the jury's consideration in this respect. We find no substantial error upon this trial which may legally be made the subject of complaint. The witness who testified to McCrann's signature had sufficient knowledge upon the subject to make him a competent witness. Hynes v. McDermott, 82 N. Y. 52.

Plaintiff was entitled to recover possession of the piano, together with damages for its detention. The fact, if it be one, that the amendment allowed in the county court changed the amount for which judgment was demanded, to a sum in excess of the jurisdiction possessed by a justice of the peace, does not constitute error. The county court possessed jurisdiction, and the proceedings were governed by its jurisdiction, not that of the justice's court. Code Civ. Proc. § 3071; Gould v. Patterson, 87 Hun, 533, 34 N. Y. Supp. 289.

There is no ground for complaint in the rule of damage adopted by the court. The evidence was sufficient upon which to base damages measured by rental value. The fact that the court also told the jury that they might consider interest upon the sum proved as the value of the piano, in lieu of rental value, does not constitute reversible error, assuming the court was wrong. Defendant was not thereby prejudiced, as it left the jury at liberty to award a less sum as damages for detention than plaintiff was entitled to measured by the rental value. The fact that the jury did not adopt the interest as the measure of damages furnishes no ground for complaint. The verdict as first reported was irregular, and it therefore became the duty of the court to direct the jury to retire, and make up a proper verdict. This was done, and the verdict, as finally rendered, expressed the determination at which the jury had arrived. Warner v. Railroad Co., 52 N. Y. 437; Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51; Hodgkins v. Mead, 119 N. Y. 166, 23 N. E. 559.

We find no error. The judgment should therefore be affirmed, with costs.