# LAWSON v. SPEER.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. APPEAL—NATURE OF ORDER BROUGHT UP FOR REVIEW.

On appeal from an order of a County Court it was objected that the order, which was without a caption, was a judge's order, instead of a court order, required by Code Civ. Proc. § 3265; but the notice of motion showed that the application was made to the County Court, the order recited the motion as having been made to that tribunal, and the indorsement thereon showed that it was entered in the clerk's office. *Held*, that it must be regarded as an order of the court, notwithstanding the absence of the caption.

2. APPEAL FROM JUSTICE'S COURT—OFFERS OF JUDGMENT AND COSTS—PRO-
CEDURE.

Code Civ. Proc. § 3071, provides that on an appeal from a Justice's Court all the proceedings are the same as if the action had been commenced in the appellate court, "except as otherwise specially prescribed in this chapter" (chapter 19, relating to justices' courts). Section 3070 provides that either party on such appeal may within 15 days after the service of the notice make an offer to allow judgment, and a party refusing to accept the same shall be liable for costs unless the recovery shall be more favorable to him than the sum offered, and that the costs awarded in accordance with that section shall be in the amounts provided by section 3073. Section 3072 provides for an offer to compromise after the return, and the effect of a refusal thereof as to the recovery of costs in case of a failure to obtain a judgment more favorable than was offered. Section 3073 fixes the amount of costs on appeals for a new trial. *Held*, that the exception in section 3071 did not exclude from the operation of that section the matter of offers and costs dealt with in the other sections referred to, there being nothing in conflict between their provisions and the provisions of section 3071.

Appeal from Rockland County Court.

Action by Robert Lawson against William McMurtrie Speer. From an order of the County Court denying a motion for a retaxation of costs, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

William McMurtrie Speer, in pro. per.
Benjamin Levison, for respondent.

WILLARD BARTLETT, J. Objection is made to the order brought up for review on the ground that it is a judge's order instead of a court order, as it is required to be by section 3265 of the Code of Civil Procedure. We think, however, that it may be regarded as an order of the County Court, notwithstanding the absence of a caption. The notice of motion shows that the application was made to the County Court, the order recites the motion as having been made to that tribunal, and the indorsement upon the order shows that it was entered in the clerk's office. These circumstances justify us in treating it as a court order, rather than as an order of the county judge, which that officer would have no authority to make as such.

In regard to the merits the appellant concedes that this court has decided against the view for which he now contends in Fowler v. Dearing, 6 App. Div. 221, 39 N. Y. Supp. 1034. He argues, however, that our decision in the case cited was in conflict with the conclusion finally reached by the General Term of this department in Watson v. Benz (Sup.) 10 N. Y. Supp. 799; reargument ordered 12 N. Y. Supp. 51, decided after reargument 14 N. Y. Supp. 942. That conclusion seems to have been influenced chiefly by Zoller v. Smith, 45 Hun, 319; but the decision in the latter case was not followed in Birdsall v. Keyes, 66 Hun, 233, 21 N. Y. Supp. 87, McKuskie v. Hendrickson, 128 N. Y. 555, 28 N. E. 650, or Pierano v. Merritt, 148 N. Y. 289, 42 N. E. 718, all of which were cited and considered by us in Fowler v. Dearing, supra. Section 3071 of the Code of Civil Procedure provides that upon an appeal from a Justice's Court all the proceedings are the same as if the action had been commenced in the appellate

court, "except as otherwise specially prescribed in this chapter" (chapter 19, Code Civ. Proc.). It is suggested that this exception excludes from the operation of section 3071 the whole matter of offers and costs dealt with in sections 3070–3073. We are unable to adopt this construction, as we see nothing in conflict between the provisions of those sections and the provisions of section 3071. There appears to be no sufficient reason for overruling our decision in Fowler v. Dearing. The learned County Court followed that decision in denying the defendant's application, and its order should therefore be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.