WARREN BELL, Respondent, *v.* JERRY LYNCH, Appellant.

(County Court, St. Lawrence County, May, 1913.)

Costs — taxation of — new trial in County Court — appeal from judgment rendered by a justice of the peace.

> Where, on a new trial in the County Court upon an appeal from a judgment rendered by a justice of the peace, plaintiff recovers judgment for less than fifty dollars, he is not entitled to tax any costs.

MOTION by defendant to review the taxation of plaintiff's costs as taxed by the clerk.

John R. Keeler, for motion.

George H. Bowers, opposed.

FERRIS, J.    Plaintiff recovered judgment in Justice's Court against the defendant for $161.15, on the 3d day of September, 1910.    Defendant appealed to the County Court and the case came on for trial in that court June 15, 1911, at a term commencing June twelfth.    On the last named date, defendant served an offer to allow plaintiff to take judgment against the defendant for the sum of four dollars and costs to the date of the offer.    Plaintiff made no response to defendant's offer and on the trial the jury rendered a verdict in favor of the plaintiff for three dollars and seventy cents damages.    Plaintiff entered judgment for three dollars and seventy cents damages and forty-two dollars and ninety-four cents costs and disbursements, which were taxed by the clerk, the same being taxable costs provided for in section 3073 of the Code

of Civil Procedure. Defendant objected to plaintiff's bill of costs, but his objection was overruled and the same was retaxed as originally taxed. Costs were also taxed in favor of the defendant from the time of the offer of judgment. The defendant now claims that plaintiff was not entitled to any costs for the reason that the damages recovered by him were less than fifty dollars. Under the contention of the defendant, it is necessary to consider sections 3228, 3070, 3072 and 3073 of the Code of Civil Procedure.

Under section 3071, an action is deemed at issue in the County Court, after the expiration of ten days from the time of filing the justice's return, and all the subsequent proceedings are the same as if it had been commenced therein. The issue must be tried and disposed of as an action originating in that court, and the rights of the parties upon the question of costs are governed by the provisions of law applicable to such original actions. Therefore, subdivision 4 of section 3228, which provides that the plaintiff shall not be entitled to costs, unless he recovers the sum of fifty dollars, or more, applies to cases appealed from Justices' Courts to the County Court for a new trial. The provisions of sections 3070 and 3073 do not conflict with this view and do not preclude the application of section 3228, for the reason that the two former sections merely fix the sum, which may be awarded as costs, and do not affect the more general provisions of the Code contained in section 3228. The fact that the defendant made an offer of judgment should not be considered in deciding this motion.

In any event, to entitle the plaintiff to recover costs upon an action tried in the County Court, whether it is originally commenced in that court, or is a new trial upon an appeal from Justice's Court, he must recover the sum of fifty dollars, or more, unless it be a case

where an offer of judgment is made within fifteen days after service of the notice of appeal, as provided in section 3070. The views herein expressed seem to be warranted by the following authorities: Fowler v. Dearing, 6 App. Div. 221; Rose v. Wells, 92 id. 75; McKuskie v. Hendrickson, 128 N. Y. 555.

The defendant's motion is granted and he is entitled to an order directing the clerk to retax the plaintiff's costs by striking out the whole amount thereof with ten dollars costs of the motion.

Motion granted, with ten dollars costs.