GRACE G. McMURRAY, Respondent, *v.* HARRY L. LIDDELL, Appellant.

Fourth Department, November 7, 1929.

*Ralph W. Nolan*, for the appellant.

*Glenn A. Stockwell*, for the respondent.

SEARS, P. J. The action was originally brought in a Justice's Court in Niagara county. The plaintiff is a non-resident of the State of New York. Judgment for $170.80, damages and costs, was entered in favor of the plaintiff and against the defendant in the Justice's Court upon the defendant's default at the trial. The defendant then appealed to the County Court of Niagara county, demanded a new trial and perfected his appeal. An order requiring plaintiff to give security for costs was granted by the county judge *ex parte*, but on motion of the plaintiff this order was vacated. The case is here on appeal from this later order.

A foreign corporation is the only plaintiff of whom security for costs may be required in a Justice's Court. (Justice Court Act, § 315.) The defendant contends that despite the fact that the action was originally brought in a Justice's Court, he may now require security for costs in the County Court under the provisions of section 1522 of the Civil Practice Act and section 446 of the Justice Court Act. Section 1522 of the Civil Practice Act, by its terms, gives this right to a defendant " in an action brought in a court of record " in various instances, among others, where the plaintiff resides without the State. This action is, undoubtedly, one brought in a Justice's Court, and the action as it now exists in the County Court is but a continuation of the action in the Justice's Court. (*Mellen* v. *Hutchins*, 58 How. Pr. 349.) In the absence of other statutory provision, this action would not fall within the terms of section 1522 of the Civil Practice Act as an action brought in a court of record. Section 446 of the Justice Court Act provides, however, as follows: " Upon an appeal, provided for in this article, after the expiration of ten days from the time of filing the justice's return, the action is deemed an action at issue in the appellate court; and all the proceedings therein, including the entry, enforcement and review of the judgment, are the same as if the action has been commenced in the appellate court, except as otherwise specially prescribed in this act."

Section 446 of the Justice Court Act is derived from section 3071 of the Code of Civil Procedure. The words " all proceedings therein, including the entry, enforcement and review of the judgment, are the same as if the action had been commenced in the

appellate court, except as otherwise specially prescribed in this act," first came into effect on the 1st day of September, 1880, when the last nine chapters of Throop's Code became law. (Laws of 1880, chap. 178.) Before that time no such provision existed. Mr. Throop's note under section 3071 of the Code of Civil Procedure is to the effect that "the language [of the section] has been much condensed; and the ten days' clause added; but no other essential changes have been made, except to assimilate the proceedings more closely to those in other actions, and thus close the door to vexatious and unnecessary questions of practice." Since the revision of the practice by the act of 1880, the courts have had occasion to apply the provisions now contained in section 446 of the Justice Court Act in many cases. It has been held, for example, that the appellate court has power in such a case to try and determine a question of title to real estate (*Gould* v. *Patterson*, 87 Hun, 533), and to amend the complaint so as to increase the demand for judgment beyond what would have been the jurisdiction of the Justice's Court. (*Jacob* v. *Watkins*, 10 App. Div. 475; *Simpson* v. *Rome, W. & O. R. R. Co.*, 48 Hun, 113.) Certain provisions as to costs in actions in courts of record have been held applicable to appeals from Justices' Courts. (*Fowler* v. *Dearing*, 6 App. Div. 221; *Lawson* v. *Speer*, 91 id. 411.)

In *Mellen* v. *Hutchins* (*supra*) and *Ex parte Thomas* (8 Cow. 110) security for costs in cases such as we have before us was denied, but those cases arose before the enactment of the Throop Code, and, therefore, have no application here.

*Hames* v. *Judd* (18 Civ. Proc. 324; 9 N. Y. Supp. 744, note), a decision rendered in 1890, was not an appeal under the article of the Code of Civil Procedure containing section 3071, and the case is, therefore, not a precedent in this instance.

We have found no case where the question of the right to require security for costs in such a case as this has been passed upon since the enactment of the provisions now contained in section 446 of the Justice Court Act, but in our opinion the subject is controlled by the language of that section, and is but another instance where the practice in an action appealed from a Justice's Court is assimilated to one originally brought in a court of record.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.