Church agt. Miller.

## SUPREME COURT.

### WILLIAM CHURCH, respondent, agt. JAMES H. MILLER, appellant.

On an appeal by the plaintiff from a judgment of a justice's court, rendered for defendant for fifty dollars, upon a counter-claim, to the county court, where a new trial was had before a jury, who found a verdict of no cause of action against the plaintiff.

*Held*, that the defendant's rights not being affected by the question of offer (as none was necessary), he did not cease to be the prevailing party. He did not, it is true, establish his own claim, but he prevailed to destroy that of the plaintiff, and, therefore, his judgment before the justice was not reversed, and he was entitled to the *costs* of the action.

*General Term, Second Department, December,* 1873.
*Present*—BARNARD, *P. J.,* GILBERT *and* TAPPEN, *JJ.*

THIS was an appeal from an order made by the county judge of Orange county, striking the defendant's costs, as taxed by the clerk, from the judgment entered in said action, and inserting therein the costs of the plaintiff. The action was originally commenced in the justice's court. The plaintiff claimed judgment for rent of house, fifty dollars; the defendant denying plaintiff's claim, demanded judgment in his own favor, by way of counter-claim, in the sum of fifty dollars and interest, for work and labor. The justice rendered judgment in favor of the defendant for fifty dollars and costs. From this judgment the plaintiff appealed to the county court for a new trial; no offer was made by the defendant.

In the county court, the cause being tried with a jury, they rendered a verdict of no cause of action, whereupon, each party claimed costs. The clerk taxed the defendant's

costs and judgment was entered accordingly, The plaintiff moved, in the county court, to strike the defendant's costs from the judgment, and insert his own in place thereof. The motion was granted by the county judge, and an order entered in accordance therewith.

SHARPE & WINFIELD, *for respondent.*
B. R. CHAMPION, *for appellant.*

*By the Court,* BARNARD, *P. J.*—The sole question presented is as to which party is entitled to costs.

The action was brought by plaintiff against defendant in a justice's court. The plaintiff asked a judgment for rent, and the defendant set up a counter-claim for work and labor. The defendant obtained judgment against the plaintiff for fifty dollars, besides costs. The plaintiff appealed, claiming a judgment in his favor of fifty dollars. The case was tried in the county court of Orange county, by a jury, and a verdict rendered of no cause of action. The county judge has, by order, given costs to the plaintiff, and the defendant appeals. The question of costs is to be determined without regard to any question of offer made or omitted to be made.

The case, undisputedly, is one where the defendant was bound to make no offer.

The defendant was the prevailing party, and is entitled to costs by reason thereof, unless he falls within an exception or limitation created under section 371 of the Code.

The learned county judge says the judgment was wholly reversed. I do not think it was. The justice's judgment established two things : 1st. That plaintiff had no claim against the defendant; and, 2d. That the defendant had a claim of fifty dollars against the plaintiff. The plaintiff appeals and claims what he claimed before the justice, namely, a judgment in his favor against the defendant, of fifty dollars or over.

The new trial in the county court established two things :

1st. That the plaintiff had no claim against the defendant; and, 2d. That defendant had none against the plaintiff. It was not an entire reversal of the justice's judgment; that part of it which destroyed the plaintiff's claim was upheld. If the justice's judgment had been simply for the defendant, destroying the plaintiff's claim, and the plaintiff had appealed, there would be no question as to defendant's right to costs. When the defendant's rights are not affected by the question of offer, I cannot see how he ceases to be the prevailing party. He has not prevailed, it is true, to establish his own claim, but he has prevailed to destroy the plaintiff's claim, and, therefore, his judgment before the justice was not reversed.

Order reversed, with ten dollars costs.