THEODORE McKUSKIE, Respondent, *v.* JOHN HENDRICKSON, Appellant.

While the courts may interpret doubtful or obscure phrases and imperfect language in a statute so as to give effect to the presumed intent of the legislature and to carry out what appears to be the general policy of the act, they may not import therein a new provision to cure a *casus omissus*, however just and desirable it may be to supply the omitted provision.

As costs are regulated by statue, a party is not entitled to them unless he can point to some statute giving them in such a case.

Plaintiff recovered judgment against defendant in a Justice's Court for thirty dollars and costs. Defendant appealed to the County Court, demanding a new trial, and served an offer allowing judgment against him for five dollars. Plaintiff did not accept, and made no offer himself. On trial in the County Court a verdict was rendered for plaintiff for thirty-five dollars. *Held,* that under the provisions of the Code of Civil Procedure regulating costs upon such appeals (§ 3070, as amended by chap. 522, Laws of 1885), plaintiff was not entitled to costs.

*It seems* the only way a plaintiff can secure costs in such a case is by making an offer to take judgment for a sum specified, and if defendant refuses to accept he is liable to costs, unless the recovery is more favorable to him than the offer.

(Submitted October 12, 1891; decided October 27, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, made December 8,

1890, which reversed an order of the County Court of Queens county, setting aside the taxation of costs herein and reducing the judgment in favor of plaintiff by deducting therefrom the costs included therein.

The plaintiff recovered a judgment in a Justices Court for thirty dollars damages, besides costs. From that judgment the defendant appealed to the County Court, demanding a new trial, and within fifteen days after the service of the notice of appeal caused a written offer to be served upon the plaintiff allowing judgment to be entered against him in the County Court for five dollars. The plaintiff did not accept the offer, and made no offer to the defendant. A new trial was had in the County Court and the plaintiff recovered a verdict for thirty-five dollars. The plaintiff's attorney then made application to the county clerk for the taxation of his costs, and the clerk, against the objection of the defendant, adjusted his costs at $80.25, and judgment was entered and docketed in favor of the plaintiff for $115.25 damages and costs. Thereafter the defendant made a motion in the County Court to set aside and vacate the adjustment of costs made by the clerk, and that motion was granted, the court holding that the plaintiff was not entitled to costs against the defendant, but was entitled to judgment for the damages only. From the order of the County Court the plaintiff appealed to the General Term, where it was held that the County Court had erred, and its order was reversed, and thus the allowance of costs to the plaintiff was confirmed. By leave of the General Term the defendant appealed from its order to this court.

*Harrison S. Moore* for appellant.

*Henry A. Montfort* for respondent. The respondent was entitled to costs. (Code Civ. Pro. §§ 3068, 3070, 3073 ; Laws of 1885, chap. 522; Code Pro. § 371; *Hollenbeck* v. *Knapp*, 12 Hun, 207.)

Earl, J. Costs are regulated by statute, and unless the plaintiff can point to some statute giving him costs in a case

like this he is not entitled to any.   He is not entitled to costs by virtue of any general provision contained in section 3228 of the Code, because he did not recover as much as fifty dollars. The only section of the Code relating to costs in a case like this is 3070, and that provides as follows : " Upon an appeal provided for in this article, from a judgment for a sum of money only, either party may within fifteen days after service of the notice of appeal, serve upon the adverse party, or upon his attorney, a written offer to allow judgment to be rendered in the appellate court, in favor of either party, for a specified sum. If the offer is not accepted, it cannot be proved upon the trial. If the party, within ten days after service of the offer upon him, serves upon the party making the same, or upon his attorney, written notice that he accepts the offer, he must file it with an affidavit of service of the notice of acceptance, with the clerk of the appellate court, who thereupon must enter judgment accordingly.   Where an offer is made as above provided, the party refusing to accept the same shall be liable . for costs of the appeal, unless the recovery shall be more favorable to him than the sum offered.   If neither party make an offer as provided herein, the party in whose favor the verdict, report or decision in the appellate court is given, shall be entitled to recover his costs upon the appeal."

The plaintiff refused to accept defendant's offer, and as the recovery was more favorable to him than the sum offered, he was not liable to pay costs to the defendant.   But there is no provision in the Code giving the plaintiff costs in such a case against the defendant where the recovery is for less than $50, and no language is used indicating that such was the legislative intention.   The only way in which plaintiff can secure his right to costs in such a case as this is by making an offer to take judgment for a sum specified, and then if the defendant refuses to accept the offer he will be liable to costs unless the recovery is more favorable to him than the offer.   Here the plaintiff could have offered to take the judgment in the County Court for thirty dollars, or any other sum not exceeding thirty-five dollars, and could thus have secured his right to costs.   It

may be the legislature intended that this practice should be pursued. Previous legislation upon the subject of costs in such a case as this has no tendency whatever to justify the plaintiff's contention. There was a special provision in section 371 of the old Code, that upon an appeal to the County Court, where a new trial was had, "the respondent shall be entitled to recover costs where the appellant is not." In 1885 section 3070 of the present Code was amended so as to read as it now is. Prior to that amendment it provided as follows: "If the offer is made and not accepted, and the verdict, report or decision of the appellate court is more favorable to the appellant than the amount of the offer, the appellant is entitled to recover costs upon the appeal; otherwise the respondent is entitled to recover costs." Here again was a special provision giving the respondent costs. The special provisions found in the old and the present Code giving costs to the respondent are not contained in the Code as it now is. The provision was dropped out in 1885, and we cannot say that the legislature intended that it should be retained. As the Code now is, each party can secure his costs, or secure himself against costs, by making the offer provided for in the section.

In construing a statute the legislative intention must be sought in the language used therein contained with such helps as the canons of interpretation allow. But new language, or, as in this case, an entirely new provision, cannot be imported into a statute giving it a meaning not otherwise found therein. While the courts may interpret doubtful or obscure phrases and imperfect language in a statute so as to give effect to the presumed intention of the legislature, and to carry out what appears to be the general policy of the law, they cannot, by construction, cure a *casus omissus,* however just and desirable it may be, to supply the omitted provision.

Our conclusion, therefore, is that the order of the General Term should be reversed, and the order of the County Court affirmed, with costs to the defendant of the appeal to the General Term and to this court.

All concur, except Andrews, J., not voting.

Order reversed.