DETERMINED IN THE

# THIRD DEPARTMENT

AT

# GENERAL TERM,

## November, 1892.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
THE EICKEMEYER–FIELD COMPANY AND OTHERS,
APPELLANTS, *v.* FRANK RICE, SECRETARY OF STATE OF THE
STATE OF NEW YORK, RESPONDENT.

*Tax upon incorporation — consolidation of three corporations which have paid the
tax — when no further tax is chargeable*

Three corporations, incorporated subsequent to 1886, had paid the tax, laid by
chapter 143 of the Laws of 1886, which is made a pre-requisite of the filing
by the Secretary of State of a certificate of incorporation, and in June, 1892,
they agreed to consolidate.

The first section of chapter 668 of the Laws of 1892 provides: "In case of the con-
solidation of two corporations into a new corporation said new corporation shall
be required to pay the tax hereinbefore provided for (being the tax fixed by
chapter 143 of the Laws of 1886) only upon the amount of its capital stock, in
excess of the aggregate amount of capital 'stock of said two corporations' upon
which said tax shall have theretofore been paid."

The Secretary of State insisted, and it was decided at Special Term, that the
statute applied only to the consolidation of two corporations, and did not apply
to a consolidation of three corporations.

Upon an appeal from an order, denying an application for a *mandamus* against the
Secretary of State, by the corporations consolidating:

*Held,* that such decision was erroneous.

That the object of the act of 1892 was to prevent a double taxation, so that where
two or more corporations, each of which had paid the tax in question, con-
solidated, they should not be compelled to pay the tax again after consolidation.

That the legislature had used the word "two" in the sense of "two or more."

PEOPLE ex rel. EICKEMEYER–FIELD CO. v. RICE. 131

Third Department, November Term, 1892.

Appeal by the relators, the Eickemeyer-Field Company, the Eickemeyer Dynamo Machine Company, the Yonkers Machine Company and the Eickemeyer-Field Manufacturing Company, from an order of the Supreme Court, entered in the office of the clerk of the county of Albany on the 26th day of July, 1892, denying the application of the relators for a writ of peremptory *mandamus*, requiring Frank Rice, as Secretary of State of the State of New York, upon payment of his lawful fees, to receive and file in his office the agreement made between the three first-named several corporations, the relators, for a consolidation, and also the proceedings of the stockholders of the said last-named corporations, without payment of any incorporation tax prescribed by chapter 143 of the Laws of 1886, and the acts amendatory thereof.

It appeared upon the motion that the capital of the consolidated company was not in excess of the aggregate amount of the capital stock of the three corporations, but, on the contrary, was less than that aggregate amount.

*J. Hampden Dougherty*, for the appellants.

*Simon W. Rosendale*, attorney-general, for the respondent.

Putnam, J.:

The relators, the Eickemeyer-Field Company, The Eickemeyer Dynamo Company and the Yonkers Machine Company, three corporations duly incorporated under the laws of this State, subsequent to 1886, who had each, on filing a certificate of organization in the office of the Secretary of State, paid the tax required by chapter 143 of the Laws of 1886, on or about June 13, 1892, agreed to consolidate into one corporation, the Eickemeyer-Field Manufacturing Company, also one of the relators. On presenting to the Secretary of State the papers showing such consolidation, he declined to file the same until the fees, as required by the act of 1886 and amendments thereto, were first paid. At the time of the consolidation in question chapter 668 of the Laws of 1892, amending chapter 143 of the Laws of 1886, was in force, section 1 of said act containing the following provision: "In case of the consolidation of two corporations into a new corporation, said new corporation shall be required to pay the tax hereinbefore provided for, only upon the amount of its capital stock in excess of the aggregate amount of capital stock

of said two corporations." The State insists, and the court below held, that the above-quoted provision of the act of 1892 does not apply to a case like this of the consolidation of three corporations. That the statute should be construed to mean *two only*, and not *two or more*.

The word "two," as in ordinary use, is sometimes intended to mean *only two*, and sometimes *two or more.* Instances are cited by respondent where the word should have the former meaning, and the appellants call our attention to cases where the word two, as used, is evidently intended to mean two or more.

The question before us to be determined is, what meaning should be given to said word as used in the above-quoted provision of the act of 1892.

The rules to be followed in the construction of statutes are well settled. It is held that " the great principle which is to control is the intention of the legislature in passing the same, which intention is to be ascertained from the cause or necessity of making the statute, as well as other circumstances. A strict and literal interpretation is not always to be adhered to, and where the case is brought within the intention of the makers of the statute it is within the statute, although, by a technical interpretation, it is not within its letter. It is the spirit and purpose of a statute which are to be regarded in its interpretation. \* \* \* A reasonable construction should be adopted in all cases where there is a doubt or uncertainity in regard to the intention of the lawmakers." (*People ex rel. Wood* v. *Lacombe,* 99 N. Y. 49 ; *Smith* v. *The People,* 47 id., 336 ; *McKuskie* v. *Hendrickson,* 128 id., 558.)

Applying the above doctrine to the case before us, it is to be presumed that the intent of the legislature in enacting the above-quoted provision contained in chapter 668 of the Laws of 1892, was to prevent a liability on the part of a corporation which had paid the tax required by the act of 1886, on a consolidation with another corporation, which had also paid said tax, to again pay the same tax. The object of the law was to prevent a double taxation. To hold, therefore, that on consolidation of two companies the new corporation was not required to pay a tax under the act of 1886, while on the consolidation of three or more the tax could be legally imposed, would result in making the statute unreasonable and absurd, and in

not carrying out what may be presumed to be the intent of the legislature in enacting it. If, on consolidation of two companies, the tax under the act is not required to be paid, there is no reason why the same exemption from taxation should not follow the combination of three or more corporations.

I think, therefore, that, under the rule laid down as to the construction of statutes in the above-quoted authorities, the word "two," as contained in the above-quoted provision of the act of 1892, should be deemed to mean *two or more* in order to carry out the apparent purpose of the legislature.

To give this construction of the law we are not compelled to go beyond the letter of the statute as is sometimes done; we are merely giving to the word "two" a meaning often given to it as in common use. The meaning of the word as used in the statute is doubtful, and in such a case it is proper to resort to the intent of the lawmakers in order to determine the sense in which the word was used. (*Chamberlain* v. *The Western Trans. Co.*, 44 N. Y., 309 ; *People* v. *City of Buffalo*, 57 Hun, 582 ; *Donaldson* v. *Wood*, 22 Wend., 397.)

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the *mandamus* asked for by the relators granted, with fifty dollars costs and disbursements.

HERRICK, J., concurred.

Order appealed from reversed, with ten dollars costs and disbursements, and the *mandamus* asked for by relators granted, with fifty dollars costs and disbursements.