(6 Misc. Rep. 203.)

### SHERMAN v. SHISLER.

(Superior Court of Buffalo, Special Term.   June, 1893.)

COSTS—OFFER OF JUDGMENT—AUTHORITY OF ATTORNEY.
  Under Code Civil Proc. § 3070, providing that "either party" may serve a written offer of judgment on appeal from a justice's court where a new trial is demanded, and that a party refusing to accept such offer shall be liable for costs, unless the recovery is more favorable to him than the offer, the offer may be signed by the attorney of the party.

Action by Sherman against Shisler. Defendant moves to set aside taxation of costs, and for a retaxation. Granted.

A. R. Pennell, for plaintiff.

M. A. Gearon, for defendant.

HATCH, J.   The plaintiff had judgment in the court below, from which defendant appealed, demanding a new trial in the appellate

court, his present attorneys subscribing the notice of appeal as attorneys in the action. This was authorized. Code Civil Proc. § 3046. When appealed, the action became one pending in the appellate court, and the same proceedings which obtain therein in an action are applicable to it, except as otherwise specially prescribed. Id. § 3071. The powers, obligations, and duties of the attorneys who appear and take the appeal are unaffected by other provisions, and their standing is the same as though the action were originally brought therein. But this is not true of the course of procedure, for, while they act as attorneys untrammeled, they follow the special course prescribed by law. By virtue of their authority as attorneys, and before trial in the appellate court, they caused to be served a notice, subscribed in the name of the defendant, by them as attorneys, offering to allow judgment to be entered against the defendant for a sum therein named, and served the same upon plaintiff's attorney. The notice in its body is, in all respects, such a notice as is required by section 3070 of the Code. Plaintiff filed no notice of acceptance, but proceeded with the trial, obtaining a verdict for a sum greater than the amount of the offer, but less than $50. If the offer be in all respects good, then, under these facts, plaintiff is not entitled to tax costs. McKuskie v. Hendrickson, 128 N. Y. 555, 28 N. E. 650.

It is claimed, however, that the notice is a nullity, for the reason that it is not made or subscribed by the defendant in person, and that there is nothing to show that the attorneys were authorized to make it. Section 3070 of the Code does not expressly say that the offer shall be subscribed by the party in person; its language is "either party may," etc., serve. Usually, what is required to be done by a party to an action is deemed done by him when his attorney does the act, and such is the result in all cases unless some provision of law prescribes a different rule. Under the section in question, it is seen that the notice may be served upon the party or his attorney. Then it provides: "If the party, * * * after service of the offer upon him," etc. Here we see that the language used would indicate that the service was to be, and presumed to have been, made upon the party personally, while the prior provision is that it may be made upon him or his attorney. I am of opinion, therefore, that the offer provided for by this section contemplates that it may be made by a party himself, or acting through an attorney, and that the acts of each are governed by the same rule, allowing in each case the attorney to represent the party. This construction is borne out in the case of Fowler v. Haynes, 91 N. Y. 346. In that case defendant's attorney appeared in justice's court, was sworn to his authority to appear, and, upon such authority, made offer of judgment, which was accepted. The authority being challenged, the court said:

"We are also of opinion that the authority of the defendant's attorney to appear in her behalf empowered him to make the offer of judgment. All the incidents to such authority attached thereto, and, among others, to bind the principal by any proceedings which the principal herself might take therein, and it was not necessary that, in addition to his swearing to his

authority to appear generally for her, he should have further sworn to his authority to make the offer of judgment."

The authority possessed by the attorney in that case was prescribed by law, and he was required to be sworn as to such authority before his appearance could be recognized. So here the authority is prescribed by law, but the attorney need not be sworn, but the same rights are possessed in each case, except that the power of the former is much more limited, and the rules of construction with respect thereto more rigid. The language of the section under which the power was exercised in that case was: "The defendant may," etc., offer. No attorney is mentioned, and, if the power can be upheld under such language, I see no reason why it may not be here. The rule which obtains in courts of record has no application here, for, by special provision of statute in such case, authority must be shown where the attorney assumes to act. Code, § 740. The costs below were an incident to the judgment there rendered. Defendant was required to pay them in order to perfect his appeal, and would only be authorized to tax them in the event he succeeded on the appeal. He did not succeed. Consequently, he is not entitled to tax them, or have them refunded, because plaintiff did not become entitled to tax costs as a result of the trial. It follows from these views that the taxation of costs by the clerk must be vacated. Ten dollars costs of motion allowed to defendant. Taxation vacated, with costs.