FRANK RHODES, Respondent, *v.* MORRIS CARR, Appellant.

88 219
148a 292
88 219
23ap402

*Appeal to a ·County Court — costs.*

The plaintiff in an action brought in the Municipal Court of the city of Syracuse appealed to the County Court, where a new trial was had in which the plaintiff did not recover a sum which would have been sufficient to carry costs if the action had been brought originally in the County Court; no offer was made by either party to the action to take or allow judgment as provided for by sections 3070, 3071 and 3072 of the Code of Civil Procedure.

*Held,* that the plaintiff was not entitled to recover costs in the County Court.

APPEAL by the defendant, Morris Carr, from an order of the County Court of Onondaga county, entered in the office of the clerk of the county of Onondaga on the 22d day of March, 1895, denying the defendant's motion for an order striking the plaintiff's costs from the judgment rendered in the action and directing the Onondaga county clerk to insert the defendant's costs therein.

Plaintiff brought an action in the Municipal Court of the city of Syracuse and recovered the sum of thirty-eight dollars and seventy-one cents damages. Defendant appealed to the County Court of Onondaga county, where a new trial was had and a verdict was rendered for the plaintiff for the sum of thirty-eight dollars. Judgment for that sum was entered, with seventy dollars and eighty-six cents costs. A motion was made for retaxation of costs, which was denied, and the taxation was affirmed, without costs of the motion. No offer was made to take or allow judgment by either party hereto as provided by sections 3070, 3071 and 3072 of the Code of Civil Procedure.

*K line, Shove & Ludington,* for the appellant.

*Talbott & Collins,* for the respondent.

HARDIN, P. J.:

Chapter 522 of the Laws of 1885 amended section 3070 of the Code of Civil Procedure. In the last part of the section are found these words: " If neither party make an offer, as provided herein, the party in whose favor the verdict, report or decision in the appellate court is given shall be entitled to recover his costs upon the appeal." That section fell under construction in *McKuskie* v. *Hendrickson* (128 N. Y. 555). In the course of the opinion it was said: " There is no provision in the Code giving the plaintiff costs in such a case against the defendant where the recovery is for less than $50, and no language is used indicating that such was the legislative intention. The only way in which plaintiff can secure his right to costs in such a case as this is by making an offer to take judgment for a sum specified, and then if the defendant refuses to accept the offer he will be liable to costs unless the recovery is more favorable to him than the offer. Here the plaintiff could have offered to take the judgment in the County Court for thirty dollars, or any other sum not exceeding thirty-five dollars, and could thus have secured his right to costs." The rule laid down in the case from which the quotation has been made seems to apply to the case in hand, and the case was decided in 1891, subsequent to the decision made by this court in *Sheehan* v. *Buller* (24 Wkly. Dig. 168) in April, 1886, and approved in *Munson* v. *Curtis* (43 Hun, 217) in January, 1887.

Inasmuch as the plaintiff did not recover a sum sufficient to carry costs if the action had been brought originally in the County Court, he is not entitled to recover the costs entered in the judgment. (*Sherman* v. *Shisler*, 6 Misc. Rep. 203.)

It seems to follow that the order of the County Court is erroneous and should be reversed.

MARTIN and MERWIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and directions given to the clerk of Onondaga county to strike from the judgment the costs entered therein in favor of the plaintiff.