John B. Pierano, Respondent, v. John L. Merritt, Appellant.

APPEAL FROM JUSTICE'S COURT — NEW TRIAL — COSTS. Where the right to costs on an appeal from a Justice's Court to the County Court, in which a new trial was had, was governed by section 3070 of the Code of Civil Procedure as it existed from the amendment of 1885 to that of 1895, *held*, that the section, as amended in 1885, was to be construed as meaning that where neither party made an offer of judgment as therein provided, the party who recovered in the appellate court was entitled to costs, irrespective of the amount of his recovery there.

Reported below, 89 Hun, 207.

(Submitted January 20, 1896; decided January 28, 1896.)

APPEAL from an order of the General Term of the Supreme Court in the second judicial department, made May 23, 1895, affirming an order of the County Court of Westchester county, which vacated a taxation of costs by the county clerk in favor of the defendant, and directed that costs be taxed in favor of the plaintiff.

This action originated in Justice's Court, where the plaintiff recovered a judgment for the sum of $200, besides costs. The defendant appealed to the County Court, and in his notice of appeal demanded a new trial, but neither party made an offer of judgment, as authorized by section 3070 of the Code of Civil Procedure. A new trial was had in the County Court, where a verdict was rendered in favor of the plaintiff for one dollar. Each party claimed that he was entitled to costs, and presented a bill for adjustment to the county clerk, who refused taxation to the plaintiff and taxed in favor of the defendant. Upon appeal to the County Court the taxation on the application of the defendant was set aside, and the clerk was directed to " tax and adjust the bill of costs offered by the plaintiff." From the order of the General Term affirming the determination of the County Court this appeal is taken.

*Charles Haines* for appellant. Plaintiff was not entitled to costs as he recovered less than fifty dollars. (*McKuskie* v.

37

*Hendrickson,* 128 N. Y. 557.)    To entitle a plaintiff to recover costs in a case on appeal from a Justice's Court, where a new trial is had in the appellate court in which he recovers less than fifty dollars, he must make the defendant an offer to take judgment for a sum specified, and then if the defendant refuses to accept the offer the defendant will be liable for costs unless the recovery of the plaintiff is less favorable to the plaintiff than the offer.    (Code Civ. Pro. § 3070; *Snyder* v. *Hughes,* 27 Hun, 374; *Vanderwerken* v. *Brown,* 38 Hun, 234; *Voget* v. *Schlueter,* 73 Hun, 595.)

*James B. Lockwood* for respondent.    In the case at bar the respondent is entitled to recover costs, because neither party made an offer of judgment and the verdict was in favor of the respondent.    (Code Civ. Pro. § 3070; *Sheehan* v. *Butler,* 24 N. Y. Wkly. Dig. 168.)

VANN, J.    The question presented by this appeal requires us to construe section 3070 of the Code of Civil Procedure as it stood prior to the amendment of 1895.    Various authorities have been cited in aid of the proper construction, and in order to appreciate their force and mark the change of policy in legislation, it will be of advantage to see how the Code stood when these decisions were made.

The earliest statute that we find upon the subject is the Code of Procedure, which required a party appealing from a judgment rendered in Justice's Court to state in his notice of appeal in what particulars he claimed the judgment should have been more favorable to him, and authorized an offer by the respondent to allow the judgment to be corrected in any particular mentioned in the notice of appeal.    If no offer was made and the judgment rendered on appeal was more favorable to the appellant than the judgment appealed from, or if an offer was made and not accepted, and the judgment of the appellate court was more favorable to the appellant than the offer made, he was entitled to costs, provided the judgment was reversed, or was made more favorable to him by not less

than ten dollars. The respondent was entitled to costs where the appellant was not. (Code of Procedure, § 371.)

The Code of Civil Procedure, as originally enacted, authorized the respondent, within fifteen days after service of the notice of appeal, to offer to allow judgment to be rendered in the appellate court in favor of either party for a specified sum. If he made no offer, or if he made an offer that was not accepted, and the recovery of damages on appeal was more favorable to him by the sum of ten dollars than the judgment below, or the offer made, as the case might be, he was entitled to costs, otherwise the respondent recovered costs. (Code Civ. Pro. § 3070, as passed May 6th, 1880.) Under the statute in this form, the following decisions were made, which are cited as illustrating the subject, although not directly applicable to the case in hand. (*Chamberlain* v. *Chamberlain*, 25 Hun, 199; *Snyder* v. *Hughes*, 27 Hun, 373; *Quick* v. *Wixon*, 27 Hun, 592; *Vanderwerken* v. *Brown*, 38 Hun, 234.)

In 1885 said section was so amended as to authorize an offer by either party "to allow judgment to be rendered in the appellate court for a specified sum." If the offer of one party was accepted by the other, provision was made to correct the judgment accordingly. The remainder of the section was as follows, viz.: "Where an offer is made, as above provided, the party refusing to accept the same shall be liable for costs of the appeal, unless the recovery shall be more favorable to him than the sum offered. If neither party make an offer, as provided herein, the party in whose favor the verdict, report or decision in the appellate court is given, shall be entitled to recover his costs upon the appeal." (L. 1885, ch. 522.) This is the statute that governs the case under consideration, as the amendment of 1895 was passed after the right to costs had become fixed. (L. 1895, ch. 356.)

The section in this form was considered in *McKuskie* v. *Hendrickson* (128 N. Y. 555), where the plaintiff had recovered in Justice's Court the sum of $30, besides costs. The defendant appealed and served an offer allowing judgment

against him for $5. The plaintiff neither accepted the offer nor made one himself, and a verdict having been rendered in the County Court in his favor for $35, it was held that, although he was not liable to pay costs, as the recovery was more favorable to him than the offer, still he was not entitled to recover costs, because he had made no offer himself. The court said that " the plaintiff could have offered to take judgment in the County Court for $30, or any other sum not exceeding $35, and could thus have secured his right to costs." It was intimated, however, that if the verdict had been for $50 or more, the. plaintiff could have recovered costs under § 3228. This case shows the necessity of making an offer, when one's adversary has made one, in order to recover costs, but it does not decide who would have been entitled to costs if, as in the case before us, no offer had been made by either party. The last clause of the section, as it formerly stood, which provides for cases where neither party has made an offer, was not considered by the court. That clause, however, was construed in *Sheehan* v. *Butler* (24 W. Dig. 168; 40 Hun, 634), where it was held that if no offer whatever is made, the party recovering is entitled to costs, without regard to the amount of the recovery. That case was followed and approved by *Munson* v. *Curtis* (43 Hun, 214), and to the same effect is *Vogel* v. *Schlueter* (73 Hun, 595), where the verdict was for the defendant before the justice, but for the plaintiff on appeal, and no offer having been made by either party, the plaintiff was allowed costs. The decision was, to a certain extent, the other way in *Rhoaes* v. *Carr* (88 Hun, 219), where no offer was made by either party, and although the plaintiff recovered on appeal, it was held that he was not entitled to costs, but it was not held that the defendant was entitled to costs.

We think that, according to the plain language of the statute, as well as the weight of authority, where neither party makes an offer, the party who recovers, whether the amount be large or small, is entitled to costs. It is difficult to see how the legislature could have made its meaning clearer on this subject.

After providing for that class of cases where offers are made it provided for another class where no offer is made, and declared, in so many words, that if "neither party make an offer," the party who succeeds upon the new trial is entitled to costs. This right is not made dependent upon the amount, but on the fact, of recovery, and, if no offer has been made, it depends upon nothing else.

While the older statutes cast the burden of making an offer upon the respondent, the present statute places it upon one party as much as the other. In order to prevent further litigation it holds out an inducement to each party to make an offer by throwing the costs upon his adversary, unless he accepts, or secures a recovery more favorable than the offer. As a further inducement to end the controversy it is provided that if neither party makes an offer, the one who succeeds shall recover costs. Thus, if one party claims too much, but the other is conscious that he owes something, unless he makes an offer of that amount he runs the risk of paying costs, even if no more than that sum is recovered against him. Therefore, unless the parties act upon their honest judgment they are liable to suffer for it. We think that the object of the statute was to further an adjustment of differences by encouraging compromises and making it dangerous for either party to reject a fair offer made by the other.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.