CLARK et al. v. MALZACHER.

(Supreme Court, Appellate Division, Fourth Department.    July 29, 1897.)

APPEAL—COSTS—FAVORABLE JUDGMENT.

Where defendant sets up a counterclaim, and there is a judgment for plaintiff, a judgment on appeal that neither party has a cause of action against the other is a judgment in defendant's "favor," within Code Civ. Proc. § 3070, entitling defendant to costs on appeal.

Appeal from Monroe county court.

Action by Charles H. Clark and another against Leopold Malzacher, in which there was a judgment for plaintiffs. Defendant appealed to the county court, where a new trial was had, resulting in a judgment for defendant. From an order disallowing and vacating his costs as taxed by the clerk, defendant appeals. Reversed.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

Frederick A. Mann, for appellant.

William W. Armstrong, for respondents.

GREEN, J.    This action was brought in the municipal court of Rochester to recover $37.50, alleged in the complaint to be due and

owing from the defendant to plaintiffs for 50 soap cutters manufactured and sold to defendant, at his request, and upon his agreement to pay therefor the above-mentioned sum. The defendant answered, and interposed a counterclaim for defective construction and breach of guaranty in the manufacture of the cutters, and demanded judgment in his favor for $500. The issues thus joined were tried before a judge of the municipal court of Rochester, and resulted in a judgment in favor of the plaintiffs for $35.25 damages and $10.65 costs. From that judgment the defendant appealed to the county court of Monroe county, and demanded a new trial therein. Upon such appeal no offer of judgment was made by either party. A new trial was thereafter had before the county judge of Monroe county and a jury, and resulted in a verdict in favor of the defendant of "no cause of action." Judgment was thereupon entered in accordance with such verdict, together with costs to the defendant, as taxed by the county clerk of Monroe county. From such taxation the plaintiffs appealed to the county court of Monroe county, and that court set aside the costs as taxed, and disallowed any costs to the defendant, and directed the clerk to cancel the same of record.

The practice in this case is prescribed by section 3070 of the Code of Civil Procedure, and the provision in that section applicable to the question here involved is this: "If neither party make an offer, as provided herein, the party in whose favor the verdict, report or decision in the appellate court is given, shall be entitled to recover his costs upon the appeal." This is plain language, plainly expressing the intent of the legislature to give costs to the party who recovers in the appellate court, whether the amount of such recovery be great or small, or whether such party recovers all the claim which he makes in his pleading. In the case at bar the judgment of the municipal court of Rochester established the claim of the plaintiffs, and disallowed the claim made by the defendant. At the time of the appeal therefrom by the latter a judgment had been entered, and stood against him, establishing plaintiffs' claim, and disallowing the claim of the defendant. From that judgment the defendant appealed, and the decision of the appellate court established the fact that the plaintiffs had no claim against the defendant, and that the defendant had no claim against the plaintiffs. The verdict was, therefore, in favor of the defendant to the extent of destroying the judgment and the claim of plaintiffs which stood against him when the appeal was taken. The verdict, it is true, was not so favorable to the defendant as he claimed it should have been; and yet it was in his favor, as it relieved him from plaintiffs' judgment and claim, and the judgment established by the municipal court of Rochester. His right to costs, therefore, is not made dependent upon the amount, but on the fact of recovery, and, if no offer has been made, it depends upon nothing else. Pierano v. Merritt, 148 N. Y. 293, 42 N. E. 718. The verdict in this case being in favor of the defendant brings this case within the plain provisions above quoted, and justified the taxation of costs herein in favor of the defendant, and requires the reversal of the order of the county court of Monroe county, and the affirmance of the act of the county clerk.

The order of the county court of Monroe county is reversed, and the taxation of costs by the county clerk of Monroe county is affirmed, with costs. All concur.