(27 Misc. Rep. 129.)

### BRAZEE v. TOWN OF HORNBY.

(Steuben County Court. March 16, 1899.)

COSTS—APPEAL FROM JUSTICE—WHEN DEFENDANT MAY RECOVER.

Code Civ. Proc. § 3070, provides that, when an offer to allow judgment to be rendered is made on an appeal from a justice, the party refusing to accept the same shall be liable for the costs of the appeal unless the recovery shall be more favorable to him than the sum offered, but, if neither party makes an offer, the prevailing party shall be entitled to recover the costs on appeal. Section 3228, subd. 4, provides that plaintiff is entitled to costs where he recovers a judgment in excess of $50 in an action for money only. Section 3229 provides that defendant is entitled to costs unless plaintiff is entitled to costs under section 3228. *Held*, that where plaintiff, on appeal from a justice's judgment, makes an offer to take judgment for a sum in excess of $50, which is refused by defendant, who makes no offer, and defendant afterwards succeeds, he is entitled to costs under section 3229.

Action by Isaac Brazee against the town of Hornby. Motion by plaintiff for a review of the taxation of costs. Denied.

James O. Sebring, for plaintiff.

F. A. Williams, for defendant.

ROBINSON, J. The plaintiff recovered in justice's court a judgment for $92.86 damages and $8.40 costs. The defendant appealed to this court, demanding a new trial. Within 15 days the plaintiff, under section 3070 of the Code of Civil Procedure, served a written offer to allow judgment to be rendered in this court in his (the plaintiff's) favor for $92.86,—just the amount of the judgment below. The offer was not accepted, and no offer was made on behalf of the defendant. The case went on the calendar, and was reached in its regular order, and moved, and the complaint dismissed; the defendant wholly succeeding. The clerk, on motion, and after hearing both parties, taxed costs in favor of the defendant. The right to costs was then, on motion, presented to the court. I have examined all the cases cited, very carefully, and have come to the conclusion that section 3229 of the Code of Civil Procedure, which awards to the defendant costs when the plaintiff is not entitled to them, applies to this case. In McKuskie v. Hendrickson, 128 N. Y. 555, 28 N. E. 650, the court clearly intimates that, if the recovery there had been $50, the plaintiff would have been entitled to the costs. If this is so, then, clearly, section 3228 of the Code would apply to such a case. Section 3228 could not apply unless section 3229 would also apply. Section 3228 or section 3070 did not award costs to the plaintiff. I am satisfied that the attention of the court of appeals was not called to section 3229 of the Code upon the argument of McKuskie v. Hendrickson, and that, if the question here is ever

presented to that court, it must hold that, if section 3228 will give the plaintiff costs where he recovers over $50, then section 3229 will also give the defendant costs, unless by either section 3228 or section 3070 the plaintiff is entitled to costs. Fowler v. Dearing, 6 App. Div. 221, 39 N. Y. Supp. 1034, and cases there cited. It is with·a great deal of reluctance that I have reached this conclusion, for I have found no way of deciding this case without appearing to disagree with the court of appeals. It cannot be decided that sections 3228 and 3229 of the Code do not apply, because that would be. contrary to the language of McKuskie v. Hendrickson, viz.: "He is not entitled to costs by virtue of any general provision contained in section 3228 of the Code, because he did not recover as much as fifty dollars." It cannot be decided that these sections do not apply without running contrary to this language in the McKuskie Case viz.: "The only section of the Code relating to costs in a case like this is 3070." If, however, section 3228 may apply if the plaintiff recovers over $50, why will not section 3229 apply when, by every other provision of the Code, the plaintiff is not entitled to costs? Section 3229 reads as follows: "The defendant is entitled to costs, of course, upon the rendering of final judgment, in an action specified in the last section, unless the plaintiff is entitled to costs as therein prescribed." By section 3071 the action is an action at issue in this court. By section 3228, if the plaintiff recovers $50 or over, he is entitled to costs. By section 3229, if the defendant succeeds in defeating the entire claim of the plaintiff by the dismissal of his complaint, he is entitled to costs. Some stress may be put upon the word "recovery" in section 3070: "Where an offer is made as above provided, the party refusing to accept the same shall be liable for the costs of the appeal, unless the recovery shall be more favorable to him than the sum offered." It may be claimed that this language implies that there must be some recovery in dollars and cents,—"a specified sum,"—and that, where there is no recovery of "a specified sum," it cannot apply. In this case there is no recovery of a "specified sum." Therefore section 3070 did not apply, but section 3229 (the general provision) did apply. The McKuskie Case can be distinguished in this way without doing violence to any of its dicta. This motion should be denied, but, because of the novelty of the question, without costs.

Motion denied, without costs.