ROSE v. WELLS.

(Supreme Court, Appellate Division, Third Department. March 2, 1904.)

1. OFFER OF JUDGMENT—MORE FAVORABLE RECOVERY—INTEREST.

Where defendant offered judgment for a certain sum which plaintiff did not accept, and some time thereafter plaintiff recovered judgment for a sum greater than the offer of judgment, but less than the offer, plus interest thereon from the time of the offer to the time judgment was recovered, and the plaintiff's pleadings did not demand interest, no question of interest being submitted to the jury, the recovery was more favorable to plaintiff than the offer of judgment, so that he was entitled to costs under Code Civ. Proc. § 3070, providing that, if an offer of judgment be not accepted, the party refusing shall be liable for the costs of appeal unless the recovery be more favorable than the offer.

2. APPEAL FROM JUSTICE—COSTS.

Code Civ. Proc. § 3071, declares that where an appeal is taken from a judgment of a justice, and a new trial demanded in the County Court, after the expiration of 10 days from the time of filing the justice's return the action is deemed at issue in the appellate court, and all proceedings are the same as if action had been commenced in the appellate court. Section 3228 relates to costs in actions in the County Court. *Held*, that where an appeal is taken from the Justice's Court, and a new trial demanded in the County Court, and the sections of the Code regulating costs on such appeals do not apply, the plaintiff, if he recovers $50 or more, is entitled to costs, under section 3228, as if the action had been originally commenced in the County Court.

Appeal from Cortland County Court.

Action by Tobias L. Rose against Harrison Wells. There was judgment for plaintiff, and from an order denying a motion to set aside the taxing of plaintiff's costs and refusing to direct the taxation of defendant's costs, defendant appeals. Affirmed.

This action was commenced in Justice's Court. The plaintiff, in his complaint, alleged that the defendant was indebted to him for a quantity of cabbage sold and delivered to the defendant at the agreed price of $116. The defendant, by his answer, denied the allegations of the complaint, and the answer further alleged: "The defendant says that he promised and agreed to buy a car load of cabbage of the plaintiff at $7.50 per ton, provided they were first quality in every respect, and said to the plaintiff that he had not seen the cabbage in question, and would not buy to lose any money on said cabbage, and would not pay anything on said cabbage until he had a report from the sale of said cabbage, and, if the car sold for less than $7.50 a ton, the plaintiff was to stand the loss, to which the plaintiff agreed; that in truth and in fact said cabbage in question was small, soft, and poor, and not merchantable or marketable, as the plaintiff had represented, so that defendant lost not only a legitimate profit, but only received the sum of $47.04 from the sale of said cabbage; that by reason of the said misrepresentation the defendant has suffered loss and damage in the sum of $125, which he seeks to recover of the plaintiff." The plaintiff obtained a judgment in the Justice's Court for $116, besides costs. The defendant appealed, and demanded a new trial in the County Court, and within 15 days after the service of the notice of appeal, and on February 16, 1894, served upon the plaintiff an offer to allow judgment to be taken against him for the sum of $65. Plaintiff did not accept the defendant's offer, or serve an offer of judgment upon the defendant. The action was tried in the County Court, and resulted in a verdict of $82.43 in favor of the plaintiff. A motion was made before the judge presiding at the trial on his minutes to set aside the verdict and for a new trial, which motion was granted. On the second trial in the County Court a verdict was rendered in favor of the plaintiff for $117.82. An appeal was taken from the judgment entered thereon to this court, and the judgment was reversed, and a new trial granted, with costs to abide the event.

Rose v. Wells, 36 App. Div. 593, 55 N. Y. Supp. 874. The court, in its opinion, says: "We think it proper to say, if the plaintiff's version of the case is true, that there was a sale of the cabbages at seven dollars and fifty cents per ton, with warranty of their condition—that is, that they were in fair merchantable condition, not poor or damaged stock; and, if there was a breach of the warranty, the defendant was entitled to set off against the contract price his damages caused by such breach of the warranty." On the third trial in the County Court a verdict was rendered in favor of the plaintiff March 21, 1900, for $75. After the last trial the plaintiff and defendant each presented to the clerk of the court the items of his costs and disbursements for taxation. The clerk refused to tax the defendant's costs, but taxed the costs of the plaintiff. A motion was made by the defendant to set aside the taxation of plaintiff's costs, and to direct the taxation of defendant's costs, which motion was denied, and from the order entered thereon this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Kellogg & Van Hoesen (D. W. Van Hoesen, of counsel), for appellant.

Irving H. Palmer, for respondent.

CHASE, J.   Section 3070 of the Code of Civil Procedure, being one of the sections of the article relating to appeals for new trials in the appellate court, is as follows:

"Upon an appeal, provided for in this article, from a judgment for a sum of money only, either party may, within fifteen days after service of the notice of appeal, serve upon the adverse party, or upon his attorney, a written offer to allow judgment to be rendered in the appellate court, in favor of either party, for a specified sum. If the offer is not accepted it cannot be proved upon the trial. If the party within ten days after service of the offer upon him serves upon the party making the same, or upon his attorney written notice that he accepts the offer, he must file it, with an affidavit of service of the notice of acceptance with the clerk of the appellate court, who thereupon must enter judgment accordingly. Where an offer is made as above provided, the party refusing to accept the same shall be liable for costs of the appeal, unless the recovery shall be more favorable to him than the sum offered. If neither party makes an offer, as provided herein, the party in whose favor the verdict, report or decision in the appellate court is given shall be entitled to recover his costs upon the appeal. Costs when awarded according to the provisions of this section shall be in amounts provided in section 3073 of this article."

The first and important question for determination is whether the verdict of $75 rendered March 21, 1900, is a recovery more favorable to the plaintiff than the offer to allow judgment for $65 made February 16, 1894. The recovery would seem to be more favorable to the plaintiff than the offer in that $75 is more than $65. It is claimed by the appellant that in comparing the offer with the verdict for the purpose of determining whether the recovery is more favorable to the plaintiff than the sum offered, interest should be computed on the offer from the time when it was made to the rendition of the verdict, or the verdict should be discounted by such an amount as would leave a sum which, with interest thereon from the time when the offer was made, would amount to $75 on March 21, 1900. In actions where the damages are liquidated, interest from the date of the offer to the date of the recovery included in the verdict, report, or decision should be taken into consideration in determining whether the recovery is more favorable to a party than the sum offered. Bathgate v. Haskin,

63 N. Y. 261; Budd v. Jackson, 26 How. Prac. 398; Pike v. Johnson, 47 N. Y. 1. In actions where the damages are unliquidated, the recovery should be compared with the offer, without adding interest to the offer, and without discounting the amount of the recovery as shown in the verdict, report, or decision. Johnston v. Catlin, 57 N. Y. 652; Ency. Pleading & Practice, vol. 15, p. 58; Kelly v. Bonesteel, 29 Hun, 546. The reason for considering interest in determining whether a verdict, report, or decision is more favorable to a party than an offer of judgment is, not that the party accepting an offer of judgment would have interest on the judgment from the time of its entry, or the use of the sum offered if paid or collected, but interest is considered because the recovery, as shown by the verdict, report, or decision, actually includes interest that has accrued between the service of the offer and the rendition of the verdict or filing of the report or decision. If interest should be taken into consideration because the person accepting the offer would have interest on the judgment, or the use of the sum offered if paid, there would be no distinction between actions for liquidated damages and actions for unliquidated damages. Interest should only be computed for the purpose of comparison in cases where it is actually included in the recovery. If interest is not actually included in the recovery, a deduction of an amount equal to the interest would be an injustice to the successful party in making the comparison. If interest had been included in the verdict of $75 rendered in this case, we should feel compelled to discount such interest before comparing the verdict with the offer. It appears, however, from the complaint that the plaintiff did not demand interest upon the amount claimed by him to be due from the defendant. It does not appear that the jury were in the possession of ·ny facts from which interest could have been computed by them if they had desired to do so, and it further appears from the charge of the court, a copy of which is included in the record, that nothing was said to them on the subject of interest; and the conclusion necessarily reached from the record before us is that the verdict was rendered without any claim having been made for interest upon the balance due from the defendant to the plaintiff, and that the verdict as rendered did not include interest. We are of the opinion that the plaintiff's recovery was more favorable to him than the offer of judgment, and that the defendant is not entitled to costs under said section 3070 of the Code of Civil Procedure.

Upon the facts stated the plaintiff is not entitled to costs under said section 3070 of the Code of Civil Procedure. McKuskie v. Hendrickson, 128 N. Y. 555; 28 N. E. 650. Under section 3071 of the Code of Civil Procedure, where an appeal is taken from a judgment of a Justice's Court, and a new trial is demanded in the County Court, after the expiration of 10 days from the time of filing the justice's return, the action is deemed an action at issue in the appellate court. The general provisions relating to costs under section 3228 of the Code of Civil Procedure are applicable to actions in the County Court, but whether they are applicable to an action commenced in Justice's Court and brought into the County Court on a notice of appeal for a new trial has been a subject of considerable controversy, and the decisions of the courts are not harmonious. The respondent contends

that, where an appeal is taken from a judgment of the Justice's Court, and a new trial is demanded in the County Court and the sections of the Code regulating costs on such appeals are inapplicable, the plaintiff, if he recovers $50 or more in the County Court, is entitled to costs, under section 3228 of the Code of Civil Procedure. The weight of authority seems to be in favor of the respondent's contention. In McKuskie v. Hendrickson, supra, the court, in considering whether the plaintiff in that case was entitled to costs under section 3070 of the Code of Civil Procedure, said: "He is not entitled to costs by virtue of any general provision contained in section 3228 of the Code, because he did not recover as much as fifty dollars." In Pierano v. Merritt, 148 N. Y. 289, 42 N. E. 718, the court, in considering a similar question, and referring to McKuskie v. Hendrickson said: "It was intimated, however, that, if the verdict had been for $50 or more, the plaintiff could have recovered costs under section 3228." In Fowler v. Dearing, 6 App. Div. 221, 39 N. Y. Supp. 1034, the court allowed costs to a plaintiff under said section 3228 where he recovered more than $50 on a new trial in the County Court after an appeal from a judgment of a Justice's Court, and in referring to said section 3228 say: "In the case of McKuskie v. Hendrickson, already cited, there is a clear intimation by the Court of Appeals that this provision is applicable to suits in Justices' Courts. * * * In the former case the court said that the plaintiff was not entitled to costs by virtue of any general provision contained in section 3228 of the Code 'because he did not recover as much as $50,' thereby clearly implying that he would have been entitled to costs if the recovery had amounted to that sum." In Pierano v. Merritt, 148 N. Y. 289, 42 N. E. 718, this intimation is referred to by Vann, J., without any suggestion of disapproval. In default of other provision for costs, the right to costs under said section 3228 in an action commenced in Justice's Court and retried in the County Court has been recognized in the following cases: Birdsall v. Keyes, 66 Hun, 233, 21 N. Y. Supp. 87; Munson v. Curtis, 43 Hun, 214; Snyder v. Hughes, 27 Hun, 373; Quick v. Wixon, Id. 592; Brazee v. Town of Hornby, 27 Misc. Rep. 129, 58 N. Y. Supp. 387; Mattes v. Pause (Com. Pl.) 19 N. Y. Supp. 222; Combs v. Combs, 25 Hun, 279.

The order should be affirmed, with $10 costs and disbursements. All concur.