JOHN I. HILDAS, Plaintiff, *v.* THE CENTRAL HUDSON STEAMBOAT COMPANY, Defendant.

(County Court, Ulster County, July, 1910.)

Justices of the peace — Appeal and error — Costs — In general.

> Under the charter of the city of Kingston (L. 1896, ch. 747, as amended in 1906) an appeal may be taken from a judgment of the City Court in the same manner and with like effect as from a judgment of a justice's court, as provided by the Code of Civil Procedure; and where the defendant in an action brought in said court appeals to the County Court for a new trial which results in a judgment in plaintiff's favor for more than fifty dollars he is entitled to costs.

THE county clerk has taxed costs in favor of the plaintiff, and the defendant appeals therefrom.

This case was tried in the City Court of the city of Kingston and resulted in a judgment in favor of the plaintiff in the sum of $162. From that judgment an appeal was taken to the County Court of Ulster county for a new trial. Within fifteen days after the service of the notice

of appeal, the defendant served upon the plaintiff a written offer to allow judgment to be rendered in the appellate court in favor of the plaintiff for one dollar, which offer the plaintiff did not accept.

Upon the new trial in the County Court, a judgment was rendered in favor of the plaintiff for practically the same sum as found in the court below.

Amos Van Etten, for motion.

John D. Eckert, opposed.

CANTINE, J. It is claimed here by the defendant that, under section 3070 of the Code of Civil Procedure, the plaintiff is not entitled to costs. "Costs are regulated by statute and unless the plaintiff can point to some statute giving him costs in a case like this, he is not entitled to any." McKuskie v. Hendrickson, 128 N. Y. 555, 558.

The law is settled, at least in this department, that the prevailing party is entitled to costs upon an appeal for a new trial in the County Court from a judgment rendered in the court of a justice of the peace, in case the recovery is greater than the unaccepted offer of judgment, and is for fifty dollars or more. Rose v. Wells, 92 App. Div. 75; Birdsall v. Keyes, 66 Hun, 233.

The question presented is, does the same rule apply upon appeals for a new trial from judgments rendered in the City Court of the city of Kingston.

The City Court of the city of Kingston was created by sections 54–74, both inclusive, of chapter 747 of the Laws of 1896.

It was held in Longyear v. Van Etten that a new trial could not be had in the County Court upon an appeal from a judgment from the City Court. The charter was subsequently amended allowing this appeal (Laws of 1906, chap. 411, § 68), as follows: "Appeals may be taken from judgments of the city court in the same manner and with like effect as from judgments of courts of justices of

the peace, as provided by chapter 19, title 8, of the code of civil procedure."

That language reads into the chapter all of the provisions of chapter 19, title 8, of the Code of Civil Procedure, and such other portions of the said Code as by judicial construction, or by the language of the Code itself, are made a part thereof.

By section 3071, upon an appeal for a new trial, the action is deemed "an action at issue in the appellate court."

By section 3228, "The plaintiff is entitled to costs of course, upon the rendering of a final judgment in his favor, in either of the following actions: * * . * 4. An action, other than one of those specified in the foregoing subdivisions of this section, in which the complaint demands judgment for a sum of money only. But the plaintiff is not entitled to costs, under this subdivision, unless he recovers the sum of fifty dollars or more."

Subdivision 13 of section 3347 provides: "In chapter twenty-first, titles first, second and third [in which is found section 3228] apply only to an action in one of the courts specified in subdivision fourth of this section."

Subdivision 4 reads: "The remainder of chapter fifth [commencement of and parties to an action] and the whole of chapter sixth [pleadings and courts of record] apply only to an action commenced, on or after the first day of September, 1877, in the supreme court, the city court of the city of New York or a county court."

Reading these several sections together, costs are to be allowed of course under section 3228 in actions in one of the courts specified in the 4th subdivision of section 3347. All that is required under the 13th subdivision of section 3347 is that the action should be in "one of the courts specified in subdivision 4th." The reference back to the 4th subdivision is to determine the courts specified, viz.: The Supreme Court, the City Court of the city of New York and a County Court. Upon an appeal for a new trial to the County Court, the action is deemed an action at issue in the County Court. § 3071. It is an action,

therefore, in the County Court as provided by section 3347. It is of no importance how it reached the court, whether it was commenced there or brought there by appeal.

I am aware that these conclusions do not agree with the opinion of Mr. Justice O'Brien in Levene v. Hahner, 62 App. Div. 195, but the views expressed in that opinion, construing the language of section 3347, were dicta. The question there decided was that a case moved from the District Court of the city of New York to the City Court continued in its nature to be an action in the District Court and, under the language of that statute, no costs were given. The dicta of Justice O'Brien are also in conflict with the decisions above cited in this department.

We cannot erase from section 68 of the charter the words "with like effect." Giving those words force, upon appeals for new trials to the County Court from the City Court, the allowance of costs is governed by the same rules as appeals for new trials from justices' courts.

That the contention of the defendant is not tenable is further shown by the fact that, if the provisions as to costs contained in chapter 19, titles 1, 2 and 3, are only applicable to actions "commenced in" the courts named, then the defendant has no right to move under section 3265 for a review of the taxation.

The costs as taxed by the clerk are allowed, and an order to that effect may be entered.

Ordered accordingly.