EDWARD J. JONES, Respondent, v. CHARLES H. WATTERS, Appellant.

County Court, Oneida County, October 26, 1928.

*Michael J. Larkin,* for the appellant.

*Arthur S. Evans,* for the respondent.

HAZARD, J. This action grows out of an automobile collision. Plaintiff sued the defendant for $200 damages, and defendant counterclaimed for a like amount. The case was tried in Justice's Court in the city of Rome and resulted in a verdict of no cause of action. The defendant appealed and the case was retried in this court, and another verdict of no cause of action was rendered. Both sides are claiming to be entitled to costs in the County Court, and the matter has been submitted on an agreed statement of the facts outlined above.

Briefly, it is the contention of the defendant, appellant, that, because the plaintiff did not recover as much as fifty dollars, or recover anything in this case, he, the defendant, appellant, is, therefore, entitled to costs. I find the subject of costs upon appeal to be in a rather unsettled state. The defendant's contention is more or less sustained by *McKuskie* v. *Hendrickson* (128 N. Y. 555); *Rhodes* v. *Carr* (88 Hun, 219); *Sherman* v. *Shisler* (6 Misc. 203).

The matter seems to be controlled by section 444 of the Justice's Court Act (Code Civ. Proc. § 3070), which provides: " If neither party makes an offer, as provided herein, the party in whose favor the verdict, report or decision in the appellate court is given shall be entitled to recover his costs upon the appeal." The provision quoted clearly does apply to the case at bar, because no offer was made by either side.

Going back to the three cases above referred to, the leading and foundation case is that of *McKuskie* v. *Hendrickson*. It seems absolutely clear that the Court of Appeals overlooked the provision of the then Code of Civil Procedure, which is above quoted. This is the more inexplicable because the language above quoted is set forth in detail in the court's opinion. The court then proceeds to ignore it and say: " There is no provision in the Code giving the plaintiff costs in such a case against the defendant where the recovery is for less than $50." The other two cases are founded upon the Court of Appeals case we are considering.

Of course, it is not within my province to ignore or overrule a

decision of the Court of Appeals, but a later decision of that court does exactly that, and I refer to the case of *Pierano* v. *Merritt* (148 N. Y. 289), where the Court of Appeals says: " The last clause of the section, as it formerly stood, which provides for cases where neither party has made an offer, *was not considered by the court.*" (P. 292.) On the same page the Court of Appeals then decided as follows: " We think that, according to the plain language of the statute, as well as the weight of authority, where neither party makes an offer, the party who recovers, *whether the amount be large or small,* is entitled to costs. It is difficult to see how the Legislature could have made its meaning clearer on this subject." To the same effect is *Firsch* v. *Dussault* (166 App. Div. 357) and also *Sheehan* v. *Buller* (24 N. Y. Wkly. Dig. 168).

A possible explanation of the difference between the cases mentioned above may be found in the fact that the then Code, section 3070 (now Justice's Court Act, § 444), was amended by chapter 356 of the Laws of 1895, by adding this to the end of the section in question: " Costs when awarded according to the provisions of this section shall be in amounts provided in section three thousand and seventy-three of this article." The three cases first above mentioned were decided before that amendment went into effect on September 1, 1895, and the three latter cases were decided after the new amendment. Anyway, it seems to be the latest law upon the subject that a recovery upon a retrial in County Court may carry costs if it is less than fifty dollars. Assuming this point to be thus settled, we still have to decide the case at bar, without very much light being thrown upon the situation by the cases cited above. In effect, they hold that a party might recover a dollar only in the retrial in County Court and still be entitled to costs, but the difficulty in our case arises over the fact that neither party recovered anything at all. Defendant, appellant, urges in his brief that " the verdict of no cause of action was a decision in defendant's favor within the meaning of section 444, Justice's Court Act, entitling him to costs on appeal." I am compelled to disagree utterly with that contention. Keeping in mind the fact that both parties to the suit were each claiming $200 to be due them from the other, and were, therefore, in practical effect both plaintiffs, each suing the other for $200, and that a verdict of no cause of action had been rendered in the court below, upon those facts there does not seem to me to be any ground whatever for the appellant's claim to have won in the County Court. I think in fact that a serious question is presented as to whether it could not and should not be held that the appellant has lost in the County Court because he utterly failed to obtain

a more favorable judgment than was rendered in the Justice's Court. In support of his contention he cites the case of *Clark* v. *Malzacher* (20 App. Div. 301), but the facts in that case are not at all parallel to the facts in this case. In that case plaintiffs were suing for $37.50, and defendant counterclaimed for $500. In the Municipal Court the plaintiffs recovered $35.25 and costs, and defendant appealed to the County Court of Monroe county, in which court upon a retrial a verdict of no cause of action was rendered. The Appellate Division in this department held that " the verdict was, therefore, in favor of the defendant, to the extent of destroying the judgment and the claim of plaintiffs which stood against him when the appeal was taken." It surely does not need an argument to show the difference between the two cases because, in the case at bar, there was no recovery in Justice's Court at all for the plaintiff, while in the *Clark* case there was.

I have examined all the cases cited in the briefs and a great many others and have been unable to find any case exactly similar to this. After mature deliberation, I feel constrained to decide that neither party is entitled to costs in this case, because no verdict, report or decision in this case was rendered in favor of *either* party.

In one view of the case, it would seem that the respondent should be held to have won and, therefore, to be entitled to costs. I cannot see any possible view under which the appellant can claim to have been the winner. The respondent was contented with the decision in the Justice's Court, and he did not come into this court voluntarily, but was brought in upon the defendant's appeal. It *should* be provided in such a case that if the appellant does not obtain a more favorable verdict than was rendered in the court below, costs should go against him. Such a provision is to be found in the Civil Practice Act, but the provision doubtless applies to cases which are *commenced* in courts of record. All of the provisions applicable to the subject we are discussing seem to be contained in section 444 of the Justice's Court Act, and I am unable to decide that either party comes within the provisions of that act, and, therefore, feel compelled to decide that neither the appellant nor respondent is entitled to costs.