JAMES T. DOYLE, Respondent, *v.* MARGARET FREEMAN, Appellant.

Fourth Department, May 11, 1932.

*Richard T. Anderson,* for the appellant.

*Anthony J. Contiguglia,* for the respondent.

CROSBY, J. In the City Court of Auburn plaintiff sued to recover $42. Defendant counterclaimed for $192, and recovered a judgment for the full amount of her counterclaim. Plaintiff appealed to

County Court, and demanded a new trial, which was had, and resulted in a verdict of no cause of action. Defendant taxed costs, which, by order of the County Court, have been stricken from the judgment. From that order this appeal is taken by defendant.

The question here involved is governed by sections 444 and 445 of the Justice Court Act. No offer of compromise was made by either party. So that, under section 444, the party " in whose favor " the decision ran in County Court, is entitled to costs. Plaintiff claims that the County Court decision was in his favor because he secured a more favorable result there than he did in City Court. But, under the clear language of section 444, costs do not go to the one who secures a more favorable result than that secured by him in the lower court. The case, once in County Court, gets a trial *de novo*, and costs do not depend upon a comparison of results there with the results below. Defendant's counterclaim in City Court did not furnish the basis of costs; it only furnished the right to appeal, available to either party. Plaintiff took advantage of it. In the new trial itself the result was favorable to defendant even though not so favorable to her as the result in City Court, and she is entitled to costs.

We find no authority where the facts are exactly like the facts in this case. But see *Clark* v. *Malzacher* (20 App. Div. 301); *Church* v. *Miller* (46 How. Pr. 525); *Quick* v. *Wixon* (27 Hun, 592).

Defendant taxed her costs under the wrong section. The order appealed from should be modified so as to provide, in substance, that defendant is entitled to costs in County Court, and the case should be remitted to County Court to tax costs in favor of defendant, which should be taxed under and pursuant to section 447 of the Justice Court Act.

All concur.

Order modified so as to provide in substance that defendant is entitled to costs in the County Court, and case remitted to the County Court for determination of the amount of costs in accordance with the opinion, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.